The STATE of Ohio, Appellant,

v.

SHILEY, Appellee.

[Cite as *State v. Shiley* (1991), 74 Ohio App.3d 230.]

Court of Appeals of Ohio,
Seneca County.

No. 13–90–13.

Decided May 22, 1991.

*James R. Gucker,* Tiffin City Prosecutor, for appellant.

*Matthew J. Zavac,* Assistant County Public Defender, for appellee.

HADLEY, Judge.

This is an appeal from a Tiffin Municipal Court traffic case wherein the trial court granted the motion of the defendant-appellee Ralph Shiley to suppress all evidence obtained during a traffic stop for the reason that the traffic officer did not have probable cause to check Shiley's license status, based upon *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237. The prosecution then filed this appeal. The sole assignment of error is as follows:

"The court erred in finding that the officer did not have probable cause to check the status of the defendant-appellee's driving privileges."

On April 2, 1990, Shiley was driving southbound on State Route 53 in Seneca County when he saw a State Highway Patrol trooper approaching in the oncoming lane of traffic. After passing, the trooper turned his vehicle around and stopped Shiley. Trooper Denny Carmel testified that he first noticed the height of the rear bumper of the vehicle and then, as he passed it, he heard a loud exhaust. Trooper Carmel advised Shiley that he felt the rear bumper of his vehicle might be too high. He measured it and found it to be just within the twenty-two-inch limit. He then asked Shiley to restart his vehicle and subsequently informed him that he was going to give him a warning for the loud exhaust.

Trooper Carmel asked Shiley for his operator's license to write up the warning and, while he was doing that, radioed the Highway Patrol post to run a computer check on the license, a "standard procedure" to see if there are any warrants on record. The check indicated that Shiley's license had been suspended pursuant to the Financial Responsibility Act (R.C. 4509.101) as a result of a 1988 accident. This was confirmed by teletype from the Bureau of Motor Vehicles. Shiley was then cited for violation of R.C. 4507.02(B), driving

under suspension. The motion to suppress then followed, resulting in this appeal.

In *State v. Chatton, supra*, the Supreme Court of Ohio held that police could not further detain a driver to check his license after it was learned that the officer was incorrect in the initial stop of the vehicle for no license plates, and that the evidence found as a result thereof, including the concealed weapon and the suspended operator's license, was a proper subject for a motion to suppress evidence discovered during such unreasonable detention.

However, the United States Supreme Court held in *Pennsylvania v. Mimms* (1977), 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331, that the limited search was valid, where conducted by officers continuing to possess at least a reasonable suspicion throughout the search that the driver was operating an unregistered vehicle.

The trial court in the instant case appears to have concluded that since there was no violation regarding the bumper and no citation issued regarding the exhaust, *Chatton* would apply.

We believe the facts fall within the law as set forth in the *Mimms* case, *supra*. The trooper's attention was drawn to Shiley under the mistaken belief that the rear bumper was too high and by the loud exhaust.

Since the operator's license check was conducted during the time that Trooper Carmel was writing up the equipment-defect notification for the defective exhaust, that time had to be during a period when the officer had "reasonable and articulable facts" for a reasonable detention.

Shiley does not contend that the initial stop lacked probable cause but states that the further detention of him to run his license was not at all related to the initial purpose for which he was stopped. Unlike the *Chatton* case, there was no search of the vehicle in this case.

R.C. 4513.22 states that every motor vehicle shall have a muffler in good working order and in constant operation to prevent excessive or unusual noise. R.C. 4513.02 provides that the State Highway Patrol may inspect a vehicle to determine if it is unsafe or not equipped as required by law and, if it is found to be defective or in violation of Chapter 4513, may order it removed from the highway and not operated until it has been repaired pursuant to a repair order which the officer may issue.

Having originally been attracted by the exhaust noise and the bumper height, though the bumper matter had been resolved, the trooper still had "articulable facts" upon which to base a reasonable suspicion that there was a violation regarding the exhaust system. We do not believe that the fact that the trooper chose to issue a warning instead of a citation is determinative of

this case. In the course of dealing with this matter, the trooper needed the information from Shiley's operator's license and, as a matter of "standard procedure," ran the license through the computer and came up with the suspension information.

In our view, this was not a random detention or an unbridled act of whim, but was an effort by the officer to handle two of society's legitimate safety concerns in a reasonable manner. Therefore, we find that the trial court erred in granting the motion to suppress the evidence obtained during the stop. Accordingly, appellant's assignment of error is well taken. The judgment of the Tiffin Municipal Court is reversed and this cause is remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J. concur.