This appeal arises out of a trial court decision finding Appellant, Daniel Burlenski, guilty of violating R.C. 4513.02 for operating his Ford truck with a rear bumper higher than the legal limit permitted. Appellant argues that insufficient evidence existed to find him guilty of the offense. For the following reasons, this Court finds Appellant's assignment of error meritorious and reverses the decision of the trial court.
On October 13, 1995, Appellant was driving his Ford truck when Ohio State Highway Patrol Trooper Lish pulled him over because he observed that the rear bumper of the truck appeared high and Appellant's rear license plate light did not work. Trooper Lish checked the truck's gross vehicle weight rating located inside of the truck's door jamb and then measured the bumpers of Appellant's truck. Trooper Lish testified that he measured twenty-seven inches for the front bumper and thirty-one inches for the rear bumper. (Tr. p. 7). Based upon the truck's gross vehicle weight rating as determined by Trooper Lish, the legal bumper height limits for Appellant's vehicle were twenty-seven inches in the front and twenty-nine inches in the rear. Ohio Adm. Code 4501-43-04(B). Trooper Lish issued Appellant a citation for the bumper height violation but not for the inoperable license plate light.
Appellant testified that after he drove home, he parked his truck in his garage and measured the rear bumper's height from his garage floor. The bumper measured twenty-nine inches. (Tr. F pp. 30-31). One-half hour later, Appellant drove to the State Highway Patrol Post to complain about the citation. Two other troopers measured the bumper of the truck in the post's parking lot and one of the troopers testified that the front bumper measured twenty-seven inches from the ground and the rear bumper measured thirty-three inches from the frame to the ground.
Appellant left the Patrol Post.
On October 20, 1995, Appellant entered a not guilty plea to the offense, a minor misdemeanor, and the court set a trial date for October 31, 1995. At trial, Trooper Lish and one of the two other officers who measured Appellant's truck bumpers at the Patrol Post testified on behalf of the State. Appellant testified on his own behalf. After considering the evidence and testimony presented, the trial court issued its journal entry on November 2, 1995 finding Appellant guilty of violating R.C. 4513.02. Sentencing was stayed pending this appeal. On December 1, 1995, Appellant filed his notice of appeal, raising the following sole assignment of error:
 "I. THE TRIAL COURT'S VERDICT OF GUILTY FOR VIOLATION OF SECTION 4513.02 OF THE OHIO REVISED CODE IS NOT SUPPORTED BY SUFFICIENT EVIDENCE WHERE THE STATE HAS FAILED TO PLACE INTO EVIDENCE THAT THE BUMPER HEIGHT WAS MEASURED ON A LEVEL SURFACE AND THAT THE TAPE WAS HELD VERTICAL BETWEEN THE GROUND AND THE HIGHEST POINT ON THE BOTTOM OF THE BUMPER."
Appellant argues that the prosecution failed to present sufficient evidence of the elements necessary to establish a violation of R.C. 4513.02 as Ohio Adm. Code 4501-43-02(G) defines bumper height and sets necessary requirements for establishing an accurate bumper height measurement. We find Appellant's assignment of error meritorious.
The appellate court's function when reviewing the sufficiency of the evidence is to review the evidence in the light most favorable to the prosecution and determine whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks(1991),61 Ohio St.3d 259, 273, citing Jackson v. Virginia(1979),443 U.S. 307, 319. It is not the function of the appellate court to substitute its judgment for that of the factfinder. Jenks,61 Ohio St. 3d at 279. Moreover, the relevant inquiry does not involve how the appellate court might interpret the evidence as determining the weight to be given the evidence and the credibility of the witnesses is primarily the task of the trier of fact. See Id.; State v. DeHass(1967), 10 Ohio St.2d 230.
R.C. 4513.02 allows the State Highway Patrol to inspect a vehicle to determine if it is unsafe or not equipped as required by law. State v. Shiley,(1991), 74 Ohio App.3d 230, 232. R.C.4513.021 provides that no person shall operate a vehicle that does not comply with the requirements of that section, which includes a maximum bumper height designated by the director of public safety in conformance with the vehicle equipment safety commission. In Ohio Adm. Code 4501-43-04(B), the Department of Public Safety has set forth the maximum bumper heights and how to determine a bumper height dependent upon the gross weight of the vehicle. Ohio Adm. Code 4501-43-02(G) provides that:
"(G)`Bumper height' means the vertical distance between the ground and the highest point of the bottom of the bumper, measured when the vehicle is laden on a level surface with the vehicle tires inflated to the manufacturer's recommended pressure."
In order to prove that Appellant's truck violated the maximum bumper height, it was necessary for the prosecution to establish that the officer measured the bumper height accurately. According to Ohio Adm. Code 4501-43-02(G), in order to establish an accurate measurement, the State had to show that the measurement was made vertically between the ground and the highest point of the bottom of the bumper, that the vehicle was on a level surface when it was measured, and that the vehicle's tires were inflated to the manufacturer's recommended pressure.
Officer Lish, who initially cited Appellant for the violation resulting in this appeal, testified that he measured the bumper height of Appellant's truck vertically between the ground and the lowest point on the bottom of the rear bumper. (Tr. p. 15-16). While this measurement actually seems to favor Appellant, as it would likely result in a lower height measurement, it is contrary to Ohio Adm. Code 4501-43-02(G) which states that the measurement be made vertically between the ground and the highest point of the bottom of the bumper.
Further, the trial transcript reveals that the prosecution failed to establish that the vehicle was measured on a level surface with the tires properly inflated. Although testimony shows that there was a debate as to whether the surface on which the vehicle was parked affected the bumper height measurement, Officer Lish actually testified that the surface was sloped where he conducted the measurement of Appellant's bumper. (Tr. pp. 13, 14, 18). Appellant also testified that the surface was sloped. (Tr. pp. 28-30). Additionally, the record reveals that no testimony or evidence was presented as to the truck's tire pressure.
Since the State needed to establish that the bumper height measurement taken by Officer Lish was accurate in order to establish a violation of the statute, the failure to do so could not lead any reasonable trier of fact to find that the essential elements of the crime were proven beyond a reasonable doubt.
For all of the foregoing reasons, we find that the assignment of error advanced by Appellant is meritorious. Accordingly, the trial court judgment is reversed and Appellant is discharged. Costs to be taxed against Appellee.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE