OPINION
{¶ 1} This is an appeal of a conviction for driving under the influence of alcohol ("DUI"). Appellant William Mihelarakis argues that there was no probable cause to make the traffic stop which eventually resulted in his conviction. The record reveals that Appellant pleaded guilty to the DUI charge, and a guilty plea constitutes a waiver of the error Appellant seeks to raise in this appeal. For this reason, as well as the additional reasons outlined below, the judgment of the Belmont County Court, Northern Division, is affirmed.
 {¶ 2} Appellant was arrested on March 29, 2003, while driving in Bridgeport, Belmont County. Officer Robert Bolton observed that the temporary license plate on Appellant's vehicle was folded over and was not readable. (Tr., p. 8.) The officer noted that Appellant drove erratically on Route 7 as he approached the off-ramp to downtown Bridgeport. (Tr., pp. 9-10.) Appellant also failed to use his turn signal prior to exiting the highway. (Tr., p. 10.) Officer Bolton observed that Appellant straddled both the left and right marked turning lanes as he proceeded along the exit ramp. (Tr., p. 11.) It was clear at this point that Appellant could have been cited for a number of violations, including improper display of license plate, failure to use a turn signal, and a failure to obey marked lanes. Officer Bolton subsequently initiated a traffic stop. (Tr., p. 12.)
 {¶ 3} During the traffic stop, Officer Bolton noticed an odor of alcohol and that Appellant's speech was slurred. (Tr., pp. 14-15.) Appellant stated to the officer that he had consumed a couple of beers that night. (Tr., p. 15.) Sergeant Russell, who was also in the patrol car, conducted field sobriety tests. Appellant subsequently registered a result of .219 on a breathalyzer test. He was arrested and charged with one count of DUI in violation of R.C. § 4511.19(A)(1), (3), a first degree misdemeanor, and one count of failure to signal in violation of R.C. § 4511.39, a minor misdemeanor.
 {¶ 4} On May 2, 2003, Appellant filed a motion to suppress, alleging a lack of probable cause to make the traffic stop and challenging the results of the breathalyzer test. A hearing on the motion was held on May 14, 2003. The trial judge stated at the end of the hearing that the motion to suppress was overruled.
 {¶ 5} On June 4, 2003, Appellant entered a guilty plea to the DUI charge, and the remaining charge was nolled. Appellant was sentenced to 30 days in jail, with 24 days suspended, and he received a $250 fine, along with two years of probation.
 {¶ 6} This appeal was filed on July 3, 2003.
 {¶ 7} Appellant's sole assignment of error asserts:
 {¶ 8} "The Court erred in overruling the Motion to Suppress filed by the Defendant as it was against the manifest weight of the evidence."
 {¶ 9} Appellant argues that his testimony was more trustworthy than Officer Bolton's and should have been believed by the trial court. Appellant testified that he used his turn signal when exiting Route 7, in contradiction to Officer Bolton's testimony. According to Appellant, there are credibility problems with certain aspects of Officer Bolton's testimony. For example, the officer only charged Appellant with DUI and the turn signal violation. In Appellant's view, this creates doubt about whether any other violation occurred. Appellant asserts that his own testimony provided an adequate basis to sustain the motion to suppress.
 {¶ 10} An appellate court's standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288,688 N.E.2d 9, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604,608, 645 N.E.2d 802. Such a standard of review is appropriate because "`[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996),112 Ohio App.3d 521, 548, 679 N.E.2d 321, quoting State v. Venham
(1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. However, once the trial court's determination of facts is accepted as true, this Court must independently determine as a matter of law whether the trial court met any applicable legal standards.State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 11} The first problem with Appellant's assignment of error is that it has been waived, because a guilty plea waives all errors on appeal except for errors related to the voluntariness of the plea: "by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling." State v. McQueeney, 148 Ohio App.3d 606,2002-Ohio-3731, 774 N.E.2d 1228, ¶ 13; see also Ross v. AuglaizeCty. Court of Common Pleas (1972), 30 Ohio St.2d 323, 323-324, 59 O.O.2d 385, 285 N.E.2d 25.
 {¶ 12} Second, despite the state's decision to charge Appellant with only one of the possible traffic violations that precipitated the traffic stop, Officer Bolton testified as to four reasons for the stop. The state does not have to charge a motorist with a traffic violation in order to use the facts of the traffic violation to support reasonable suspicion to initiate the traffic stop. State v. Shiley (1991), 74 Ohio App.3d 230,232-233, 598 N.E.2d 775. What the state is required to do is present reasonable and articulable facts that support the traffic stop. State v. Bobo (1988), 37 Ohio St.3d 177, 178,524 N.E.2d 489; Terry v. Ohio (1968), 392 U.S. 1, 20-21, 88 S.Ct. 1868,20 L.Ed.2d 889. Officer Bolton's testimony contained reasonable and articulable facts concerning four traffic violations that provided probable cause to stop the vehicle, in conformity to the requirements of Bobo and Terry. Therefore, even if we assume that Appellant is correct that there was insufficient evidence of a turn signal violation, there is additional evidence in the record to support a reasonable suspicion to support the traffic stop based on the unreadable license plate, erratic driving, and the marked lanes violation.
 {¶ 13} Third, the weight and credibility of the evidence are determined by the trial judge in a suppression hearing. In reviewing a ruling on a motion to suppress, an appellate court must accept the trial court's factual determinations if they are supported by competent and credible evidence in the record.State v. Hummel (2003), 154 Ohio App.3d 123, 2003-Ohio-4602,796 N.E.2d 558, ¶ 11. Officer Bolton testified that Appellant did not use his turn signal when exiting the highway. He testified that the temporary license tag was folded and unreadable. He testified as to Appellant's erratic exit from the highway, and that his vehicle straddled the marked lanes. Although Appellant denied that any of these things occurred, the trial court apparently believed Officer Bolton's testimony rather than Appellant's testimony on some or all of these factual issues. Because there is competent and credible testimony in the record supporting the trial court's decision, we are not persuaded by Appellant's argument. The judgment of the Belmont County Court, Northern Division is affirmed.
Vukovich, J., DeGenaro, J., concurs.