[Cite as *State v. Neitzel*, 2019-Ohio-2122.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JENNIFER M. NEITZEL | : | Case No. 18-CA-46 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Fairfield Municipal
                                            Court, Case No. 18 TRC 6707


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT:                           May 28, 2019


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

DAVID R. KLEMP                              SCOTT C. WALKER
Assistant Prosecuting Attorney             Walker Novack Legal Group LLC
City of Lancaster Law Director's Office     5013 Pine Creek Drive
136 W. Main Street                          Westerville, Ohio 43081
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** Defendant-appellant Jennifer Neitzel appeals her conviction and sentence from the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 23, 2018, appellant was cited for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and a marked lanes violation under R.C. 4511.33, a minor misdemeanor. At her arraignment on June 26, 2018, appellant entered a plea of not guilty to the charges.

**{¶3}** On August 3, 2018, appellant filed a Motion to Suppress, arguing that all evidence was illegally seized. A hearing on the motion was held on August 28, 2018. The sole issue to be determined was whether or not there was a reasonable and articulable basis sufficient to justify the stop.

**{¶4}** At the hearing, Trooper Adam Dickerson of the Ohio State Highway Patrol testified that he was on normal patrol on June 23, 2018 at approximately 12:45 a.m. when he observed appellant's vehicle swerving. At the time, he was patrolling westbound on U.S. 33 in Violet Township, Fairfield County, Ohio. He testified that appellant's vehicle was "[b]ouncing back and forth between it's (sic) lanes." Transcript of Suppression hearing at 8. A video of the stop was played and admitted as an exhibit. The Trooper testified as follows when asked if he observed any abnormal driving: "Yes, sir, right here is when I start to observe this vehicle starting to drift over -- over the white fog line and then coming back over and coming close to the white dotted line." Transcript of Suppression hearing at 12. Trooper Dickerson testified that because he had observed

the vehicle having a difficult time staying within the lane, he decided to initiate a traffic stop at 00:45:30.

{¶5} On cross-examination, Trooper Dickerson testified that appellant first touched the right hand fog line at 44:58 and that at the point where appellant touched the right fog line, she never completely crossed over it with a tire. According to the Trooper, "there is a mirror that sticks out further than the tire that would cross over the line." Transcript of Suppression hearing at 16. The following is an excerpt from the Trooper's testimony at the hearing:

{¶6} Q: But you did not and we did not observe on this video any tire crossing completely over that fog line.

{¶7} A: No, sir.

{¶8} Q: Would you agree with that?

{¶9} A: Yes, sir.

{¶10} Q: And as we move forward, she starts to drift to the left right here. Correct?

{¶11} A: Yes, sir.

{¶12} Q: And that's 45:18 and she's again touching the left marked lane. Correct?

{¶13} A: Yes, sir.

{¶14} Q: Once again you would agree that at no time did her tires completely cross over that white line?

{¶15} A: Correct.

{¶16} Q: Okay. That was 19.

All right. Now she's - - you would agree that all through there she's fine. Right?

**{¶17}** A: I mean you still observe her swerving within her lane.  Yes, sir.

**{¶18}** Q: But you would still agree that there was about ten seconds worth of good driving.  She wasn't swerving for about ten seconds.  Would you agree with that?

**{¶19}** A: I mean she was swerving there.

**{¶20}** Q: And she's driving fine there at 45:14?

**{¶21}** A: She's going straight right now.  Yes, sir.

**{¶22}** Q: Now 45:17 she starts to drift.  Do you agree?

**{¶23}** A: Yes, sir.

**{¶24}** Q: 45:18 she's touching the left marked lane.  Correct?

**{¶25}** A: Yes, sir.

**{¶26}** Q: And again you would agree that she did not completely cross over?

**{¶27}** A: Correct.  Not with the tire.

**{¶28}** Q: Okay.  So from 19 to about 25, now she drifts over to the left again?

**{¶29}** A: It appeared just before that she was starting to come back over towards that white fog line as well.

**{¶30}** Q: Okay.  But 45:27 you agree that she's touching the left marked lane again?

**{¶31}** A: Yes, sir.

**{¶32}** Q: Okay.  Again, she's not completely crossed over.  You would agree that she's driving on it.  Right?

**{¶33}** A: Yes, sir.

**{¶34}** Q: And it's at this point that you decide to initiate the traffic stop.  Correct?

**{¶35}** A: Yes, sir.

**{¶36}** Q: And the reason for the traffic stop is marked lanes violation. Right?

**{¶37}** A: Yes, sir.

**{¶38}** Transcript of Suppression hearing at 16-18.

**{¶39}** After the hearing, the parties submitted post-hearing briefs. Pursuant to an Entry filed on September 20, 2018, the trial court denied the Motion to Suppress. The trial court found that appellant's vehicle had touched the fog line three times and the center dividing line two times in the span of less than 30 seconds and that "[i]n this Court's opinion, this constitutes erratic driving on the part of [appellant] that would give Trooper Dickerson a reasonable and articulable suspicion that a traffic violation is being committed."

**{¶40}** On October 30, 2018, appellant entered a plea of no contest to operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and was found guilty by the court. The remaining charge was dismissed. The trial court sentenced appellant to 180 days in jail, but suspended 177 of those days, and also suspended appellant's driver's license for a period of one year. The trial court also placed appellant on community control for a period of two years and ordered that she successfully complete a 72 hour Driver Intervention Program. Appellant also was fined $375.00.

**{¶41}** Appellant now raises the following assignment of error on appeal:

**{¶42}** "I. IN AN OVI PROSECUTION UNDER R.C. [SECTION] 4511.19(A)(1)(a) WHERE THE DEFENDANT WAS STOPPED FOR VIOLATING THE MARKED LANES STATUTE, R.C. [SECTION] 4511.33, AND THE OFFICER ADMITTED THAT THE DEFENDANT NEVER DROVE COMPLETELY OVER A MARKED LANE, THE TRIAL

COURT ERRED IN FINDING THAT THE OFFICER HAD A REASONABLE ARTICULABLE SUSPICION TO JUSTIFY THE TRAFFIC STOP AND ALL EVIDENCE SUBSEQUENT TO THE STOP SHOULD HAVE BEEN SUPPRESSED AS THE FRUIT OF AN UNCONSTITUTIONAL SEARCH AND SEIZURE."

I

**{¶43}** Appellant, in her sole assignment of error, argues that the trial court erred in denying her Motion to Suppress. We disagree.

**{¶44}** Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 713 N.E.2d 1 (4th Dist. 1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37,42, 619 N.E.2d 1141 (4th Dist. 1993), overruled on other grounds.

**{¶45}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v.*

*Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist. 1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 620 N.E.2d 906 (8th Dist. 1994).

{¶46} An investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. *Maumee v. Weisner,* 87 Ohio St.3d 295, 299, 1999-Ohio-68, 720 N.E.2d 507, citing *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868 20 L.Ed.2d 889 (1968). Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articuable facts that an occupant is or has been engaged in criminal activity. *State v. Gedeon,* 81 Ohio App.3d 617, 618, 611 N.E.2d 972 (11th Dist.1992). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson,* 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist.1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo,* 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), ¶ 1 of the syllabus.

{¶47} Thus, if the specific and articulable facts indicate to the officer the driver of an automobile may be committing a criminal act, which includes a violation of a traffic law, the officer can justifiably make an investigative stop. *State v. Carlson*, 102 Ohio App.3d

585, 593, 657 N.E.2d 591, 596-597 (9th Dist. 1995); *State v. Cole*, 3rd Dist. Wyandot App. No. 16-94-11, 1995 WL 551110 (Sept. 13, 1995). In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson*, 76 Ohio St.3d 3, 9, 1996-Ohio-431, 665 N.E.2d 1091, 1095-1096; *State v. Evans*, 67 Ohio St.3d 405, 1993-Ohio-186, 618 N.E.2d 162.

**{¶48}** Appellant, in the case sub judice, specifically argues that the Trooper did not have reasonable articulable suspicion to stop her for a marked lanes violation pursuant to R.C. 4511.33 because appellant never crossed over a marked lane. R.C. 4511.33 states, in relevant part, as follows: "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply: (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

**{¶49}** In the case sub judice, the trial court found that appellant's vehicle touched the fog line three times and the center dividing line two times in the span of less than 30 seconds and that "[i]n this Court's opinion, this constitutes erratic driving on the part of [appellant] that would give Trooper Dickerson a reasonable and articulable suspicion that a traffic violation is being committed." While Trooper Dickersons's testimony may or may not have established a marked lanes violation, we find, under the totality of the circumstances, that the Trooper had a reasonable and articulable suspicion appellant may have been violating  the statute and, therefore, was justified in stopping appellant's

vehicle. Trooper Dickerson testified that he observed appellant weaving in her lane of travel and touch the center and fog lines multiple times. The State does not have to charge a motorist with a traffic violation in order to use the facts of such a violation to support reasonable suspicion to initiate a traffic stop. *State v. Shiley,* 74 Ohio App.3d 230, 232, 233, 598 N.E.2d 775 (3rd Dist. 1991). The State is only required to present reasonable and articulable facts which support the traffic stop.

{¶50} As stated supra, Trooper Dickerson's testimony provided reasonable and articulable facts which provided justification to stop appellant's vehicle. We find that the additional evidence in the record, including the video, supported the stop.

{¶51} Based upon the foregoing, we find the trial court did not err in denying appellee's Motion to suppress.

{¶52} Appellant's sole assignment of error is, therefore, overruled.

{¶53} Accordingly, the judgment of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.