The STATE of Ohio, Appellee,

v.

McQUEENEY, Appellant.

[Cite as *State v. McQueeney,* 148 Ohio App.3d 606, 2002-Ohio-3731.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–06–065.

Decided July 22, 2002.

Timothy A. Oliver, Warren County Prosecuting Attorney, and Derek B. Faulkner, Assistant Prosecuting Attorney, for appellee.

Donald E. Oda II, for appellant.

Powell, Presiding Judge.

{¶ 1}  Defendant-appellant, Paul McQueeney, Jr., appeals his conviction in the Warren County Court of Common Pleas for voluntary manslaughter.  We affirm appellant's conviction.

{¶ 2}  In the late evening hours of January 8, 1995, Warren County Sheriff's deputies discovered a body on the road in Wayne Township, Warren County. The body was later found to be that of Doug Baker.  Evidence technicians determined, due to the casings found underneath the body, that Baker had been shot with a nine-millimeter firearm.  Sheriff's deputies later learned from Baker's family members that appellant was the last person seen with Baker. Sheriff's deputies also learned that appellant had been angry with Baker because he believed Baker had sexually assaulted appellant's daughter.  After discovering appellant's Middletown address, Warren County deputies contacted the Middletown Police Department and told them to detain McQueeney if possible until they arrived.

{¶ 3}  Four Middletown police officers arrived at appellant's apartment shortly before 2:00 a.m. According to the officers, the door to the apartment was ajar, and when one officer knocked, it "swung open."  Immediately inside the door, a steep set of stairs led from the ground floor to appellant's second floor apartment. The officers called up the stairs for appellant.  Appellant's wife answered the officers' calls, and the officers inquired as to appellant's whereabouts.  Appellant soon appeared at the top of the stairs, and the officers, with their guns pointed at appellant, successfully ordered him downstairs.  The officers then detained appellant in one of their cruisers until the arrival of the Warren County deputies.

{¶ 4}  When the Warren County deputies arrived, they discussed the details of the situation with appellant's wife.  They informed her that her husband was a suspect in a homicide and asked her if she would consent to a search of the apartment.  Appellant's wife, after consulting with her father, signed a "consent to search" form, authorizing the deputies to search the apartment.  During their search, the deputies found a nine-millimeter firearm as well as a shoulder holster, a magazine or "clip," and ammunition for the weapon.

{¶ 5}  On January 17, 1995, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A) with a firearm specification, and one count of kidnapping in violation of R.C. 2905.01(A)(3), also with a firearm specification. At arraignment, appellant entered a plea of not guilty and a plea of not guilty by reason of insanity.

{¶ 6}  Appellant filed a motion to suppress, arguing that the trial court should suppress any evidence obtained during the search of his apartment.  Appellant argued that the Middletown officers violated his constitutional rights by making a

warrantless entry into his apartment and that his wife did not voluntarily give the Warren County deputies consent to search the apartment.

{¶ 7} The trial court held a hearing on appellant's motion to suppress. The trial court subsequently denied appellant's motion, stating that although the Warren County deputies did not have a valid search warrant, the search of appellant's apartment was lawful. The court found that, considering all the surrounding circumstances, appellant's wife "voluntarily and intelligently" gave her consent to search the apartment. The trial court did not specifically address the actions of the Middletown police.

{¶ 8} On May 22, 1995, appellant entered a plea of guilty to the charge of voluntary manslaughter with a firearm specification. All other charges were dismissed. The trial court accepted appellant's guilty plea after making a finding on the record that he had entered his plea "knowingly, voluntarily, and intelligently." The trial court convicted appellant and sentenced him to a prison term of 8 to 25 years for the voluntary manslaughter charge, and 3 years for the firearm specification, the sentences to be served consecutively.

{¶ 9} Appellant now appeals, raising four assignments of error.

### Assignment of Error No. 1

{¶ 10} "The warrantless entry into appellant's home was a violation of his constitutional rights, and the trial court erred in not suppressing all evidence obtained subsequent to the entry."

### Assignment of Error No. 2

{¶ 11} "The trial court erred in not making essential findings requested by appellant."

{¶ 12} In appellant's first and second assignments of error, he attacks the trial court's decision denying his motion to suppress. In his first assignment of error, appellant argues that the Middletown police illegally entered his apartment without a warrant. Thus, appellant contends, the trial court should have suppressed any evidence obtained by police after the alleged illegal entry. In his second assignment of error, appellant argues that the trial court failed to make essential findings of fact when it resolved appellant's motion to suppress.

{¶ 13} A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. *Ross v. Auglaize Cty. Court of Common Pleas* (1972), 30 Ohio St.2d 323, 323–324, 59 O.O.2d 385, 285 N.E.2d 25; *State v. Bonnet* (Mar. 3, 1997), Warren App. No. CA96–07–059,

1997 WL 89161. Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling. *State v. Elliott* (1993), 86 Ohio App.3d 792, 795, 621 N.E.2d 1272; *Huber Hts. v. Duty* (1985), 27 Ohio App.3d 244, 244, 27 OBR 285, 500 N.E.2d 339.

{¶ 14} By contrast, a plea of no contest is not an admission of guilt, although it does admit the truth of the facts alleged in the charge. Crim.R. 11(B)(2). A no-contest plea does not preclude a defendant from asserting on appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress evidence. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, syllabus.

{¶ 15} The record shows that appellant pled guilty to voluntary manslaughter with a firearm specification in a plea entry filed May 22, 1995. Therefore, appellant waived his right to appeal all issues except jurisdictional issues and issues regarding the constitutionality of the plea itself. Thus, appellant waived his right to appeal issues regarding the trial court's denial of his motion to suppress. Accordingly, we overrule appellant's first and second assignments of error.

Assignment of Error No. 4

{¶ 16} "Appellant's plea was not made knowingly, intelligently, or voluntarily, and must be set aside."

{¶ 17} Under this assignment of error, appellant argues that his plea was not the product of his voluntary choice and that he did not understand all the implications of his plea. In support of his argument, appellant has submitted an affidavit in which he claims that it was not his intention to enter a guilty plea and that his attorney harassed him into entering such a plea.

{¶ 18} In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351.

{¶ 19} To protect a criminal defendant's rights, Crim.R. 11(C) provides the procedure a trial judge must follow when accepting a guilty plea. Specifically, Crim.R. 11(C)(2) states:

{¶ 20} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 21} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 22} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 23} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." .

{¶ 24} Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with Crim.R. 11. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.

{¶ 25} After a thorough review of the record, we find that appellant knowingly, intelligently, and voluntarily entered his plea of guilty. The trial court directly addressed appellant, who was represented by counsel, carefully questioning him to make sure that he understood the implications of his plea and the rights he was waiving.

{¶ 26} The trial court informed appellant that he was entitled to a jury trial. The trial court explained to appellant that he could cross-examine the state's witnesses and could call his own witnesses, using a subpoena to compel their presence if necessary. The trial court told appellant that he could choose to testify in his defense but also could choose not to testify, a fact which the state could not use against him. Appellant was also informed that he could waive his right to a jury trial and choose a bench trial. The trial court repeatedly told appellant that the state would have to prove his guilt beyond a reasonable doubt.

{¶ 27} The trial court further informed appellant that if he pled guilty, he was admitting what he was accused of in the voluntary manslaughter charge. The trial court told appellant that voluntary manslaughter was a felony of the first degree and that his prison sentence would be 8 to 25 years.

{¶ 28} After informing appellant of the implications of his guilty plea and the rights he would be waiving, the trial court asked appellant if he wanted to plead guilty to voluntary manslaughter. Appellant responded, "Yes, sir." Before

appellant signed his written plea of guilty, the trial court again informed appellant that by signing his name, he would be waiving his right to a trial and the other rights the trial court had mentioned. The trial court told appellant to stop and talk to his attorney if he had any questions or any doubts.

{¶ 29} Finally, the trial court asked appellant's counsel whether appellant would like to say anything further before the trial court accepted the guilty plea. Appellant proceeded to indicate for the record that the victim had raped his daughter. Appellant made no further statements.

{¶ 30} Based on the foregoing, we find that appellant's plea was made knowingly, intelligently, and voluntarily. Pursuant to Crim.R. 11(C)(2), the trial court informed appellant of the implications of his plea and the rights he was waiving. The record shows that appellant was aware of the nature of the charge and the effect of his guilty plea. Accordingly, appellant's fourth assignment of error is overruled.

## Assignment of Error No. 3

{¶ 31} "The trial court erred in accepting the plea of guilty on the grounds that the plea of not guilty by reason of insanity was never withdrawn."

{¶ 32} Under this assignment of error, appellant argues that because he never withdrew his plea of not guilty by reason of insanity, his guilty plea was invalid and should be set aside.

{¶ 33} " 'A plea of guilty by one who is competent, and has a full understanding and appreciation of the consequences of entering the plea, precludes any defense whatever to the crime.' " *State v. Visnick* (Sept. 15, 1993), Athens App. No. 92CA30, 1993 WL 362457, quoting 26 Ohio Jurisprudence 3d (1981) 653, Criminal Law, Section 823. By pleading guilty, the accused acknowledges full responsibility for all legal consequences of guilt and consents to whatever judgment and sentence the court may legally impose. *State v. Fore* (1969), 18 Ohio App.2d 264, 267, 47 O.O.2d 404, 248 N.E.2d 633.

{¶ 34} A valid guilty plea entered by a defendant is an "implied admission of sanity." *Fore* at 269, 47 O.O.2d 404, 248 N.E.2d 633; *State v. Timmons* (Mar. 11, 2002), Stark App. No. 2001CA00191, 2002 WL 391673; *State v. Jackson*, Cuyahoga App. No. 80299, 2002–Ohio–2711, 2002 WL 1265577. Thus, when a defendant enters a plea of not guilty by reason of insanity and then later enters a plea of guilty without formally withdrawing the not guilty by reason of insanity plea, the defendant has waived any argument pertaining to the insanity defense. See *Fore*, 18 Ohio App.2d at 269, 47 O.O.2d 404, 248 N.E.2d 633; *Timmons*, Stark App. No. 2001CA00191; *Jackson*, Cuyahoga App. No. 80299.

{¶ 35} The record shows that appellant entered pleas of not guilty and not guilty by reason of insanity at his arraignment. The record also shows that appellant withdrew his not guilty plea but did not formally withdraw his not guilty by reason of insanity plea before entering his guilty plea.

{¶ 36} As we have already found, appellant's guilty plea was entered knowingly, intelligently, and voluntarily and was thus valid. Nothing in the record suggests that appellant was not competent or that he did not understand or appreciate the consequences of pleading guilty. We find that by knowingly, intelligently, and voluntarily pleading guilty to the charge, appellant waived any argument pertaining to the insanity defense. Thus, the trial court did not err in accepting appellant's guilty plea, though appellant had not formally withdrawn his not guilty by reason of insanity plea. Appellant's third assignment of error is overruled.

{¶ 37} Having overruled appellant's four assignments of error, we affirm the decision of the trial court.

Judgment affirmed.

WILLIAM W. YOUNG and VALEN, JJ., concur.