JOURNAL ENTRY and OPINION
{¶ 1} Appellant James C. Bogan appeals from his guilty plea to four counts of gross sexual imposition. He assigns seven pro se errors, and his appointed counsel assigns two supplemental errors.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm Bogan's conviction in part and vacate his sentence and remand for resentencing. The apposite facts follow.[2]
 {¶ 3} In September 2000, the Cuyahoga County Grand Jury indicted Bogan in an eleven-count indictment. Seven counts were for rape in violation of R.C. 2907.02, with a repeat violent offender specification. Four counts were for gross sexual imposition in violation of R.C. 2907.05, with a sexually violent predator classification. The counts arose out of Bogan's rape of his girlfriend's daughter. The sexual molestation began when the child was nine years old and continued for three years.
 {¶ 4} Bogan failed to attend his arraignment; therefore, a capias was issued. Bogan was not brought into custody until January 7, 2003.
 {¶ 5} On June 23, 2003, Bogan agreed to plead to four counts of gross sexual imposition in violation of R.C. 2907.05. The remaining counts and specifications were nolled. Additionally, as part of the plea agreement, Bogan stipulated to being classified as a sexual predator. The trial court sentenced Bogan to four years on each count, with all terms to run consecutively, except for one count, for a total term of twelve years. The trial court also imposed a fine of $10,000. Bogan now appeals.
 {¶ 6} In Bogan's first pro se assigned error, he argues that the trial court lacked subject matter jurisdiction to accept his guilty plea and sentence him. Bogan specifically argues that the prosecution failed to properly invoke the jurisdiction of the trial court by filing a Crim.R. 3 complaint.
 {¶ 7} It is well-established that a criminal case may be properly instituted not only by a complaint, but also by an indictment or by information.[3] Bogan was charged via a valid indictment, thereby vesting the trial court with jurisdiction over this case.
 {¶ 8} Bogan also argues the indictment was insufficient because it failed to clearly apprise him of the nature of the charges and the specific date the offenses were to have occurred. We note Bogan failed to object to the form of the indictment before trial as required by Crim.R. 12(B)(2), and thus he has waived all but plain error.[4]
 {¶ 9} Our review of the indictment fails to show plain error occurred. The indictment recited the language for the definition of rape and gross sexual imposition as defined in the relevant statutes; therefore, the indictment properly apprised Bogan of the charged offenses.[5]
 {¶ 10} We also conclude the indictment was not invalid for failure to state the exact date that the offenses were committed. The indictment charged the date of the offenses as "March 2, 1994 to March 1, 1997." However, specificity as to the time and date of an offense is not required in an indictment.[6] Under R.C. 2941.03, "an indictment or information is sufficient if it can be understood therefrom: * * * (E) That the offense was committed at some time prior to the time of filing of the indictment * * *." An indictment is not invalid for failing to state the time of an alleged offense or doing so imperfectly. The State's only responsibility is to present proof of offenses alleged in the indictment, reasonably within the time frame alleged.[7]
 {¶ 11} In the instant case, the date was crucial to establish that Bogan "engaged in sexual conduct with [a victim], not his spouse, whose age at the time of said sexual conduct was under thirteen years * * *." The range of years in the indictment supports the fact the child was under the age of thirteen. Therefore, we conclude the indictment was properly filed and alleged sufficient facts to apprise Bogan of the charges. Accordingly, Bogan's first assigned error is overruled.
 {¶ 12} Bogan alleges in his second assigned pro se error that the trial court erred by failing to rule on his motion to suppress.
 {¶ 13} Bogan entered into his plea prior to the trial court's ruling on his motion to suppress. At that time, it was no longer necessary for the trial court to rule on the motion, which had become moot once the plea was entered.
 {¶ 14} Moreover, by pleading guilty, Bogan waived any error regarding the motion to suppress. A plea of guilty is a complete admission of guilt.[8] A defendant who enters a plea of guilty waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself.[9] Thus, by entering into a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling.[10] Accordingly, Bogan's second assigned error is overruled.
 {¶ 15} Bogan argues in this third assigned pro se error that his speedy trial rights were violated because he was not brought to trial within ninety days. We disagree.
 {¶ 16} The trial court conducted a hearing on March 24, 2003, regarding Bogan's waiver of his speedy trial rights. The court noted the speedy trial time was set to expire on April 7, 2003. At the hearing, however, Bogan agreed to waive his speedy trial rights until June 24, 2003. The trial court explained the waiver to Bogan on the record. He indicated he understood and signed a written waiver of his speedy trial rights. Bogan entered his guilty plea the day before the waiver was to expire; therefore, his plea was entered prior to the expiration of his speedy trial rights. Accordingly, Bogan's third assigned error is overruled.
 {¶ 17} Bogan argues in his fourth and fifth assigned pro se errors that his counsel was ineffective. Bogan contends his counsel convinced him to plead guilty by advising him he would be placed on community control sanction if he entered into the plea. He also argues counsel failed to investigate the charges against him.
 {¶ 18} To establish ineffective assistance of counsel, Bogan must show not only that his lawyer's representation fell below reasonable professional standards, but that he was prejudiced as a result.[11] In order to challenge his guilty plea, Bogan must show that, but for the lawyer's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.[12]
 {¶ 19} Although Bogan argues counsel convinced him to plead by telling him he would receive community control, the record does not support this accusation. The record indicates the trial court carefully explained the possible sentence to Bogan, and that Bogan agreed counsel had informed him of the possible sentence:
"Court: Okay. Before you enter into this plea agreement, I want to makesure you understand the potential penalties that you face if you pleadguilty to amended counts 8 through 11. All four counts are single countsof gross sexual imposition, they're all 3rd degree felonies. Third degreefelonies are punishable by potential prison terms of one, two, three,four, or up to five years, and a fine of up to $10,000 for each count,which means you could be fined a total of $40,000 and ordered to serve upto 20 years in prison if you enter into this plea agreement, do youunderstand those penalties?
 Defendant: Not quite.
 Mr. Drucker: I told you that.
 Defendant: I know you told me, I don't understand them.
 Court: Let me simplify. If you enter this plea agreement and you'resent to prison, you face anywhere between 1 and 20 years in prison, andanywhere between zero and $10,000 in fines, do you understand that?
 Defendant: Okay.
 Court: You need to answer out loud, Mr. Bogan.
 Defendant: Yeah.
 Court: You understand those penalties?
 Defendant: Yeah."[13]
 {¶ 20} Therefore, Bogan was clearly advised of the possible sentence he could receive. The trial court also inquired: "First of all, has anybody threatened you with anything or promised you anything to get you to enter this plea agreement?"[14] Bogan responded, "No. I had a life sentence but I know be [sic] several life sentences."[15] The court later again stated, "So no one threatened you with anything or promised you anything to get you to enter into this plea agreement, correct?"[16]
To which the defendant responded, "No."[17] Bogan also stated that he was satisfied with his lawyer.
 {¶ 21} Although Bogan attaches his affidavit and those of his friends to his appellate brief, indicating his counsel advised him he would be placed on community control, this constitutes evidence de hors the record and is, therefore, inappropriate for a direct appeal. "In a direct appeal, this court's review is limited to evidence presented at trial; we cannot consider matters outside the record before us."[18] Such evidence is properly submitted in a petition for post-conviction relief.
 {¶ 22} Bogan also contends counsel failed to investigate his case. However, Bogan fails to indicate that the investigation would have altered the outcome of his case, that is, he would not have pled guilty had an investigation had been performed. Moreover, any consideration of evidence that would have been discovered would require us to consider evidence outside the record, which, as we have stated, is inappropriate on direct appeal. In the absence of any contrary evidence in the record, we must presume that trial counsel performed competently.
 {¶ 23} Bogan also argues as a subpart to his fifth assigned error, that his plea was involuntary because the trial court failed to apprise him of the rights he was waiving and the maximum sentence that could be imposed. However, we conclude from our review of the record that the trial court meticulously followed Crim.R. 11(C) in accepting Bogan's plea. Furthermore, our discussion above shows the trial court advised Bogan of the possible maximum sentence. Accordingly, we overrule Bogan's fourth and fifth assigned errors.
 {¶ 24} Bogan argues in his sixth assigned pro se error that the State's Bill of Particulars failed to notify him with specificity of the alleged accusations against him.
 {¶ 25} As we previously concluded, a defendant who enters a plea of guilty waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings.[19] Thus, any error related to a defect in the Bill of Particulars is waived. Accordingly, Bogan's sixth assigned error is overruled.
 {¶ 26} In his seventh assigned pro se error, Bogan argues that the trial court erred by failing to conduct a sexual predator hearing pursuant to R.C. 2950.09.
 {¶ 27} Our review of the record indicates Bogan stipulated to being a sexual predator as part of his plea bargain. The trial court informed Bogan of the effect of stipulating to the classification and Bogan indicated he understood. Therefore, Bogan waived his right to have a sexual predator hearing conducted.
 {¶ 28} The record also indicates that, in spite of the stipulation, the trial court nonetheless conducted a sexual predator hearing on July 22, 2003, prior to sentencing. The court found Bogan to be a sexual predator, based on the fact Bogan had a prior record for molesting a child, and because the conduct with the child in the instant case was not isolated, but occurred over a period of three years. Therefore, the trial court also found an independent basis for the classification. Accordingly, Bogan's seventh assigned error is overruled.
 {¶ 29} In the first supplemental assigned error, Bogan's counsel argues that Bogan was sentenced to consecutive sentences in violation of the U.S. Supreme Court's decision in United States v. Blakely.[20] This issue has been addressed in this court's en banc decision of State v.Lett.[21] In Lett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Bogan's contention that his consecutive sentence is in violation of Blakely and overrule his first supplemental assigned error.
 {¶ 30} In the second supplemental assigned error, Bogan's counsel argues that the trial court failed to make the requisite findings in imposing consecutive sentences. We agree.
 {¶ 31} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while the offender was awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.[22]
 {¶ 32} When the trial court makes the above findings, it must also state its reasons on the record why it made the findings.[23]
 {¶ 33} In the instant case, in imposing consecutive sentences, the trial court stated:
"And I find that consecutive prison terms are necessary to, one protectthe public from future crimes.
 "You abused a young child once in the past before this case and thenyou picked up this case. Past performance — past history with anindicator of future potential. And I feel that you are likely to offendagain. Therefore, a consecutive prison term is necessary to protect thepublic from further crimes.
 "Also, this was not a one time incident as the presentenceinvestigation indicates. Your abuse, sexual abuse of the victim tookplace over a period of three years from 1994 to 1997. You have undoubtedlyscarred this young woman in a serious and life long manner.
 "Therefore, on count one I'm going to sentence you to four years atLorain Correctional Institute. Count two I'm going to sentence you tofour years at Lorain Correctional Institute. Count three you'll besentenced to four years at Lorain Correctional Institute. Count fouryou'll be ordered to serve four years at Lorain Correctional Institute. ** * You'll serve a total of 12 years. Counts eight, nine and ten will runconsecutive to each other and count 11 concurrent with the other countsand also be ordered to pay the court costs and order that you be fined$10,000."[24]
 {¶ 34} The trial court found that based on Bogan's criminal history, consecutive sentences were necessary to protect the public because of the likelihood of his reoffending. This satisfies the first and last prongs of the R.C. 2929.14(E) requirements. However, the court failed to find the sentence was not disproportionate to the danger Bogan posed, with accompanying reasons in support thereof. Based on the facts of the case, we could surmise why the consecutive sentences were necessary; however, the trial court is required to state its findings and reasons at the sentencing hearing. Because the trial court failed to find that the sentence was not disproportionate to the danger Bogan posed to the public, Bogan's second supplemental assigned error has merit and is sustained. Therefore, we vacate the sentence and remand for resentencing.
Judgment affirmed in part, sentence vacated, and cause remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to this court directing the Common Pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Calabrese, Jr., J., Concur.
 APPENDIX Pro Se Assigned Errors:
 "I. THE STATE OF OHIO LACKED SUBJECT MATTER JURISDICTION OVER THEPERSON AND INDICTMENT. WHERE NO COMPLAINT WAS FILED IN COMPLIANCE PURSUANTCRIMINAL RULE 3."
 "II. TRIAL COURT ERRED IN NOT GRANTING NOR RULING ON MOTION TOSUPPRESS EVIDENCE PURSUANT TO CRIMINAL RULE 12(B)."
 "III. THE STATE OF OHIO LACKED SUBJECT MATTER JURISDICTION OFINDICTMENT PURSUANT [TO] R.C. 2945.71 THRU 73, BY NOT BRINGING HIM TOTRIAL WITHIN 90 DAYS OF ARREST."
 "IV. APPELLANT WAS DEPRIVED THE RIGHT TO EFFECTIVE COUNSEL VIOLATINGHIS UNITED STATES CONSTITUTIONAL [SIXTH] AMEND. RIGHT."
 "V. APPELLANT [SIC] PLEA OF GUILTY IS RENDERED VOID AND NULLITY WHEREPLEA WAS MADE INVOLUNTARILY, NOT KNOWINGLY OR INTELLIGENTLY, VIOLATINGCRIMINAL RULE 11."
 "VI. STATE OF OHIO FAILED TO PROVIDE DEFENDANT A BILL OF PARTICULARSSTATING WITH SPECIFICITY THE ALLEGED ACCUSATION, WHICH DEPRIVED HIM OFDUE PROCESS OF LAW AND FULL DISCLOSURE."
 "VII. THE SENTENCING COURT FAILED TO CONDUCT A HEARING BEFOREDESIGNATING DEFENDANT A SEXUAL PREDATOR PURSUANT [TO] R.C. 2950.09."
 COUNSEL'S SUPPLEMENTAL ASSIGNED ERRORS:
 "I. THE COURT'S INDEPENDENT FINDINGS OF FACT AND RESULTING INCREASE INSENTENCE VIOLATED MR. BROGAN'S SIXTH AMENDMENT RIGHT TO HAVE ANY DISPUTEDFACT THAT WOULD INCREASE HIS PENALTY SUBMITTED TO A JURY."
 "II. THE TRIAL COURT ERRED BY ORDERING THE DEFENDANT TO SERVECONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS OR STATING ONTHE RECORD THE REASONS FOR THE REQUIRED FINDINGS."
[1] See appendix for assigned errors.
[2] The pages of Bogan's pro se appellate brief were submitted out of order. The assigned errors as argued in his brief were therefore misnumbered. We have addressed the assigned errors in the order Bogan listed them on page two of his brief.
[3] See Crim.R. 3 and 7; State ex rel. Richardson v. Winston, Cuyahoga App. No. 80425, 2001-Ohio-4145; State v. Azan, 12th Dist. No. CA2003-09-247, 2004-Ohio-3347; State v. Thacker, 4th Dist. No. 04CA5, 2004-Ohio-3978; State ex rel. Miller v. Griffin (Mar. 22, 2001), Cuyahoga App. No. 78948.
[4] State v. Frazier, 73 Ohio St.3d 323, 332, 1995-Ohio-235.
[5] State v. Murphy (1992), 65 Ohio St.3d 554, 583; State v. Landrum
(1990), 53 Ohio St.3d 107, 119; Crim.R. 7(B).
[6] State v. Schafer, Cuyahoga App. No. 79758, 2002-Ohio-6632.
[7] Id. at ¶ 17-18.
[8] Crim.R. 11(B)(1).
[9] Ross v. Common Pleas (1972), 30 Ohio St.2d 323, 323-24; State v.McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 15.
[10] State v. Elliott (1993), 86 Ohio App.3d 792, 795; HuberHeights v. Duty (1985), 27 Ohio App.3d 244, 244; State v. McQueeney,
supra.
[11] Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed. 2d 674, 693; State v. Johnson (2000), 88 Ohio St.3d 95,108.
[12] Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370,88 L.Ed. 2d 203, 210; State v. Xie (1992), 62 Ohio St.3d 521, 524.
[13] Tr. at 14-15.
[14] Tr. at 9.
[15] Tr. at 9.
[16] Tr. at 10.
[17] Tr. at 10.
[18] State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; State v. Youngblood (May 17, 2001), Cuyahoga App. No. 77997.
[19] Ross v. Common Pleas, supra; State v. McQueeney, supra.
[20] (2004), 124 S.Ct. 2531.
[21] Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665.
[22] R.C. 2929.14(E).
[23] State v. Gray (Feb. 22, 2001), Cuyahoga App. No. 77849.
[24] Tr. at 27-28.