[Cite as *State v. Hlavsa*, 2011-Ohio-3379.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 93810

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD HLAVSA, II

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521746

**BEFORE:** Cooney, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 7, 2011

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio State Public Defender

By:   Claire R. Cahoon
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad St., Suite 1400
Columbus, Ohio 43215-1400


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Jennifer A. Driscoll
T. Allan Regas
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Richard Hlavsa, II ("Hlavsa"), appeals his convictions following a jury trial on multiple counts of rape, gross sexual imposition, and kidnapping. We find some merit to the appeal and, therefore, affirm in part and reverse in part.

{¶ 2} Hlavsa was charged with 31 counts of rape, 31 counts of gross sexual imposition, and 31 counts of kidnapping allegedly committed against his minor niece ("A.H.")[1] during the period between November 10, 2007 and February 1, 2009. A jury convicted Hlavsa of 17 counts of rape, 13 counts of gross sexual imposition ("GSI") of a child under the age of 13, 16 counts of GSI of a child over the age of 13, and 17 counts of kidnapping. The jury acquitted him of 14 counts of rape of a child under the age of 13 and two counts of GSI of a child over the age of 13. The kidnapping charges merged with the rape charges at sentencing as allied offenses of similar import.[2] The court sentenced Hlavsa to an aggregate prison term of 51 years, including both consecutive and concurrent sentences.

{¶ 3} In his sole assignment of error, Hlavsa contends the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape and GSI. He claims these "carbon-copy" undifferentiated counts failed to sufficiently describe the charges to allow him to prepare his defense.

---

[1] The anonymity of the victim is preserved in accordance with this court's policy of protecting the identity of victims of sexual offenses.

[2] The State elected to proceed on the rape counts, and no sentences were imposed for kidnapping.

{¶ 4} Hlavsa did not object to the form of the indictment before trial as required by Crim.R. 12(C)(2), nor did he move to dismiss the indictment or request a more specific bill of particulars. He has therefore waived all but plain error. *State v. Green*, Cuyahoga App. No. 90473, 2008-Ohio-4452, ¶26; *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶96. To prevail on a claim of plain error, Hlavsa must demonstrate that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.

{¶ 5} The United States Supreme Court described the criteria by which the sufficiency of an indictment is to be evaluated:

> "These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,' and, secondly, 'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

*Russell v. U.S.* (1962), 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240, quoting *Cochran and Sayre v. U.S.* (1895), 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704.

{¶ 6} Thus, to be sufficient, the indictment must: (1) contain the elements of the charged offense, (2) give the defendant adequate notice of the charges, and (3) protect the defendant against double jeopardy. *Valentine v. Konteh* (C.A. 6, 2005), 395 F.3d 626, 631. Although the Sixth Amendment

right to "be informed of the nature and cause of the accusation," known as the federal right to a grand jury indictment, has never been found applicable to the states, *Hurtado v. California* (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, courts have found that the due process rights enunciated in *Russell* are nevertheless required for state criminal charges. *Valentine* at 631. (Citations omitted.)

**{¶ 7}** With regard to notice of the charges, "specificity as to the time and date of the offense is not required in an indictment." *State v. Bogan*, Cuyahoga App. No. 84468, 2005-Ohio-3412, ¶10. This is because, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity. *State v. Hemphill*, Cuyahoga App. No. 85431, 2005-Ohio-3726, citing *State v. Daniel* (1994), 97 Ohio App.3d 548, 647 N.E.2d 174. In such cases, the prosecution must set forth a time frame in the indictment and charge the accused with offenses that reasonably fall within that period. *Daniel* at 556.

**{¶ 8}** Hlavsa relies on *Valentine* in support of his assertion that the carbon copy counts in the indictment failed to provide him adequate notice because they did not connect each rape and GSI count to a distinct and differentiated incident. In *Valentine*, the United States Sixth Circuit Court

of Appeals affirmed the district court's grant of habeas corpus relief to the defendant on all but one of his convictions, holding that the multiple, undifferentiated rape charges in the indictment violated the defendant's constitutional rights to due process and against double jeopardy. The only evidence in *Valentine* as to the number of offenses was provided by the child victim "who described typical abuse scenarios and estimated the number of times the rapes occurred, e.g., 'about 20,' 'about 15' or 'about 10' times." Id. at 628. Other than the victim's estimates, there was no evidence as to the number of incidents. The *Valentine* court concluded that "in the view of the testimony and the indictment language, one of the child rape and one of the penetration counts can be sustained but that the others must be set aside." Id. However, the *Valentine* court noted that "[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or during the trial."

{¶ 9} A.H. estimated that fellatio and vaginal intercourse occurred "[m]aybe about 40 [times]," and that digital penetration occurred "thirty times." She estimated that Hlavsa performed oral sex on her "maybe seven or eight times" and that he touched her in the hot tub "[m]aybe like 30 times." These estimates do not provide adequate notice of the alleged offenses or

protection against double jeopardy. However, A.H. described the factual bases for 15 of the 17 rape convictions during trial.

{¶ 10} Hlavsa was convicted of 17 counts of rape of a child over 13 years old during the period between June 1, 2008 and February 1, 2009 (Counts 15-31). R.C. 2907.02(A)(2), which governs rape, provides that: "[n]o person shall engage in sexual conduct with another * * * when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.01(A) defines "sexual conduct" as:

> "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body * * *   into the vaginal or anal opening of another."

{¶ 11} A.H. testified that at least one rape involving vaginal intercourse occurred in the guest bedroom in Hlavsa's house. Using photographs, A.H. was able to distinguish several separate acts of vaginal intercourse, fellatio, cunnilingus, and digital penetration that occurred on the floor in different areas of the basement. At least one act of vaginal intercourse occurred on the floor in an area depicted in a photo marked as State's Exhibit 19, which shows an area near a table. At least one act of oral sex occurred in another area near a television depicted in a photo. Additionally, Hlavsa vaginally, digitally, and orally raped her and forced her to perform fellatio on him on the couch in the basement.

{¶ 12} Some of the rapes occurred outside the house. A.H. testified that at least two rapes occurred in the hot tub located at her grandmother's house. A.H. explained that the vaginal intercourse in the hot tub followed a general pattern:

> "It would happen starting off with touching and then it would lead to intercourse * * * his penis would just go inside of the bikini bottom. * * * He would take his penis out of his bathing suit."

{¶ 13} Although her testimony suggests that vaginal intercourse occurred more than once in the hot tub, only one instance is counted because there is no evidence to distinguish the other occurrences. Although A.H. testified that Hlavsa digitally penetrated her in the hot tub in January 2008, the jury found him not guilty of all rape charges of a child under the age of 13. Since A.H. reached age 13 on June 1, 2008, the jury did not convict Hlavsa of rape based on this testimony. Thus, the evidence supported a conviction for only one rape in the hot tub.

{¶ 14} Using her journal to refresh her recollection, A.H. testified that Hlavsa had sexual intercourse with her at her father's house on top of the comforter on her bed while her father was attending class on January 10, 2008. However, because the jury acquitted Hlavsa of all rape charges that allegedly occurred before June 1, 2008, this incident may not be "counted" to affirm a separate rape conviction. She also recalled that Hlavsa had sexual

intercourse at her father's house on one other occasion. Thus, there was evidence to support only one rape conviction at her father's house.

{¶ 15} A.H. remembered the last instance of vaginal intercourse occurred on January 18, 2009. On that day, Hlavsa picked her up from her mother's house and went shopping at Lowe's before going to Hlavsa's house where they had vaginal intercourse.

{¶ 16} Finally, A.H. testified that Hlavsa raped her anally twice. Although A.H. did not provide details of the anal intercourse, two is a definite number as opposed to an estimate.

{¶ 17} We therefore vacate two of the rape convictions and affirm the remaining convictions for 15 counts of rape.

{¶ 18} The separate acts of GSI are not as clear. Hlavsa was convicted of three counts of GSI of a child under the age of 13 during the period from November 7 to December 31, 2007. He was also convicted of GSI of a child under the age of 13 during the period between January 8 and May 31, 2008 and GSI of a child older than 13 during the period between June 1, 2008 and February 1, 2009.

{¶ 19} The evidence at trial supports a finding of only two distinct acts of GSI of a child under the age of 13 during the period between November 7 and December 31, 2007. R.C. 2907.05(A)(4), which governs GSI of children

under 13 years of age, provides that: "[n]o person shall have sexual contact with another when * * * the other person * * * is less than thirteen years of age." R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 20} A.H. testified that Hlavsa first began molesting her shortly before Thanksgiving in November 2007. On the first occasion, Hlavsa laid down next to her, put his hand in her underpants and rubbed her vagina. A.H. remembered that Hlavsa molested her a second time during her next regular weekend visitation with her mother. Both of these acts of GSI occurred when she was 12 years old.

{¶ 21} Although A.H. testified that Hlavsa touched her "every other weekend" during her visitations with her mother and that he touched her in his hot tub "maybe like 30 times," these estimates do not provide sufficient specificity to identify the acts that would support the remaining GSI convictions. Hlavsa's counsel concedes that a third instance was described as occurring on February 1, 2009 when A.H. was age 13. Furthermore, the acts of rape do not constitute acts of gross sexual imposition because gross sexual imposition is a lesser included offense of rape. *State v. Johnson*

(1988), 36 Ohio St.3d 224, 226, 522 N.E.2d 1082; *State v. Reid*, Cuyahoga App. No. 83206, 2004-Ohio-2018. Therefore, apart from the two specific instances of GSI that A.H. described that occurred between November 7 and December 31, 2007 when she was age 12 and one when she was age 13, we vacate the remaining GSI convictions.

{¶ 22} The sole assignment of error is sustained in part.

{¶ 23} Accordingly, judgment is affirmed in part as to 15 rape convictions and three GSI convictions but reversed as to two rape convictions and the remainder of the GSI convictions. Case remanded for correction of the sentencing entry consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR