[Cite as *State v. Ramsey*, 2012-Ohio-134.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 9-10-55

    v.

TERESA M. RAMSEY,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 10-CR-224

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: January 17, 2012**

APPEARANCES:

    *Kevin P. Collins* for Appellant

    *Brent W. Yager and David J. Stamolis* for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Teresa Ramsey, appeals from the judgment of the Court of Common Pleas of Marion County finding her guilty of operating a vehicle under the influence and sentencing her to a two-year term of community control.[1] On appeal, Ramsey contends that the trial court erred in denying her motion to suppress, that the trial court erred in denying her attorney's motion to withdraw from representation, that the trial court erred in assessing her court-appointed attorney's fees, and that she received ineffective assistance of counsel. Based on the following, we affirm in part and reverse in part the trial court's judgment.

{¶2} In May 2010, the Marion County Grand Jury indicted Ramsey as follows:

> **Count 1: Operating a Vehicle Under the Influence [R.C. 4511.19(A)(1)(a)], F4**
>
> **TERESA M. RAMSEY, at Marion County, Ohio, on or about April 30, 2010, did operate a vehicle within this State while the Defendant was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse. Within six years of this offense, the Defendant has been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B) or statute of any other state or a municipal ordinance of a municipal corporation located in this State that is substantially similar to R.C. 4511.19(A) or (B).**

---

[1] This matter was originally decided in *State v. Ramsey*, 3d Dist. No. 9-10-55, 2011-Ohio-4184. However, upon Appellee's motion for reconsideration we vacated that decision and issue this opinion in its stead.

## Specification to Count 1

**The grand jurors further find and specify that within six years of this offense, the Defendant has been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B) or statute of any other state or a municipal ordinance of a municipal corporation located in this State that is substantially similar to R.C. 4511.19(A) or (B).[2]**

Docket Entry No. 2. The indictment arose as a result of a motorist notifying local law enforcement, via telephone, of a driver possibly operating a vehicle under the influence. Based on the motorist's call an officer executed a traffic stop of the vehicle, which was operated by Ramsey. As a result of the traffic stop, the officer determined that Ramsey was operating her vehicle under the influence.

{¶3} In that same month, Ramsey entered a plea of not guilty to the sole count in the indictment and filed an affidavit of indigency. The trial court, subsequently, appointed an attorney to represent Ramsey.

{¶4} On August 3, 2010, Ramsey filed a motion to suppress, arguing that a telephone call notifying law enforcement of a driver possibly operating a vehicle under the influence does not result in reasonable articulable suspicion necessary to initiate a traffic stop.

---

[2] The indictment stated that Ramsey had been convicted of or pleaded guilty to "three or more" violations of R.C. 4511.19 (A) or (B). Instead of "three or more," the indictment should have read "three or four" in order to properly track the pertinent statutory language in effect at the time of the offense. *See* R.C. 4511.19 (G)(1)(d).

{¶5} On August 9, 2010, the trial court held a hearing on Ramsey's motion to suppress and denied her motion.

{¶6} On August 12, 2010, Ramsey appeared before the trial court for a change of plea hearing. During the change of plea hearing the State presented a recommended sentence of two-years of community control, a one hundred twenty (120) day jail term, a $1,350.00 mandatory fine, and a three-year suspension of Ramsey's operator's license. Change of Plea Hearing Tr., p. 32. In return, the State would dismiss the sole specification. Prior to accepting Ramsey's plea of guilty the trial court conducted a thorough Crim.R. 11 colloquy. At the conclusion of the Crim.R. 11 colloquy, Ramsey entered a plea of guilty to the sole count of the indictment, and the trial court accepted Ramsey's plea of guilty. Pursuant to the plea agreement, the State moved to dismiss the specification, and the trial court found the motion well taken.

{¶7} On September 8, 2010, Ramsey's attorney filed a motion to withdraw, stating, in pertinent part, that "(1) [Ramsey] no longer wishes to be represented by said counsel, and (2) [Ramsey] wants new court appointed counsel to represent her in this matter." September 8, 2010, Motion to Withdraw.

{¶8} On September 30, 2010, the matter proceeded to sentencing. Before the trial court proceeded with sentencing, it first addressed Ramsey's attorney's motion to withdraw from representation. After hearing testimony on the matter

the trial court denied Ramsey's attorney's motion to withdraw from representation. Subsequently, the trial court proceeded with the sentencing hearing. The trial court sentenced Ramsey to a two-year term of community control. Appurtenant to Ramsey's two-year term of community control were twenty-nine sanctions including, inter alia, that she serve one hundred twenty days in jail, pay court costs, pay a mandatory fine of $1,350.00 to the State, and pay court-appointed attorney's fees. The trial court further ordered that Ramsey's operator's license be suspended for three years.

{¶9} It is from this judgment Ramsey appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING HER MOTION TO SUPPRESS EVIDENCE.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING THE MOTION TO WITHDRAW FILED BY HER ATTORNEY.**

### Assignment of Error No. III

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ASSESSING COURT APPOINTED ATTORNEY FEES AGAINST HER.**

*Assignment of Error No. IV*

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS (SIC) SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS (SIC) RIGHTS UNDER SECTION 10, ARTICLE I, (SIC) OHIO CONSTITUTION.**

{¶10} Due to the nature of Ramsey's assignments of error, we will address her first, second, and fourth assignments of error together and her third assignment of error last.

{¶11} Before we address Ramsey's assignments of error we wish to comment on the indictment, particularly the inclusion of the specification. The inclusion of a specification concerning prior OVI offenses is dependent upon the number of prior OVI offenses. R.C. 4511.19 (G)(1)(d) reads, in pertinent part:

> **(d) * * * an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree.**
>
> **(i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code *if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code* or, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the**

**Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. (Emphasis added.)**

R.C. 2941.1413 reads, in pertinent part:

**(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses. The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:**

**"SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses)."**

{¶12} Considering the foregoing statutory language, an indictment may properly include a specification concerning prior OVI offenses where the offender has been convicted of or pleaded guilty to *five or more* violations of R.C. 4511.19 (A) or (B). No subsection of R.C. 4511.19 (G)(1)(d), provides for a specification where the offender has only been convicted of or pleaded guilty to "three or four" violations of R.C. 4511.19 (A) or (B). Consequently, the State had no statutory basis to include the specification in the indictment.

-7-

{¶13} Absent a statutory basis for the specification in Ramsey's indictment, it was improper to include the specification in the indictment. Where a prior conviction "transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8, citing *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987). Because the language within the specification is identical to that in the second sentence in the body of the count and has the effect of elevating the degree of the OVI offense from a misdemeanor of the first degree to a felony of the fourth degree, the language concerning Ramsey's prior OVI offenses need only, and should only, have appeared in the body of the count as it is an element of the offense. *See Brooke* at ¶ 8; *see also State v. Noble*, 9th Dist. No. 07CA009083, 2007-Ohio-7051, ¶ 9. Despite this error, the record does not reveal that Ramsey was prejudiced by the duplicative nature of the indictment as she knowingly, intelligently, and voluntarily entered her plea of guilty to Count One of the indictment, which contained the statutory language elevating her OVI offense to a felony of the fourth degree. *See* Change of Plea Hearing Tr., pp. 35-38, 42-43. We note, however, that the State's motion to dismiss the specification was superfluous as it had no effect on the nature or degree of the offense.

*Assignments of Error Nos. I, II & IV*

**{¶14}** In her first, second, and fourth assignments of error, Ramsey contends that the trial court erred in denying her motion to suppress, erred in denying her attorney's motion to withdraw from representation, and that she received ineffective assistance of counsel, respectively.

**{¶15}** In relation to the trial court's denial of Ramsey's motion to suppress, the State contends that by virtue of her plea of guilty Ramsey has waived her right to appeal the trial court's denial of her motion to suppress. We agree. A guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In light of the foregoing, we further find that Ramsey, by virtue of her plea of guilty, waived her right to appeal her claim of ineffective assistance of counsel, and the trial court's denial of her attorney's motion to withdraw from representation.

*Denial of Motion to Suppress*

**{¶16}** This Court has previously held in *State v. Kuhner,* 154 Ohio App.3d 457, 2003-Ohio-4631, 797 N.E.2d 992, ¶ 4:

> **A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages**

> **of the proceedings, although the defendant may contest the constitutionality of the plea itself.** *Ross v. Common Pleas Court of Auglaize Cty.* **(1972), 30 Ohio St.2d 323, 285 N.E.2d 25. "Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling."** *State v. McQueeney,* **148 Ohio App.3d 606, 774 N.E.2d 1228, 2002-Ohio-3731, ¶13.**

Consequently, by virtue of pleading guilty, we find that Ramsey has waived her right to appeal the trial court's denial of her motion to suppress. *See also State v. Smith*, 3d Dist. No. 1-04-06, 2004-Ohio-4004, ¶ 9.

*Ineffective Assistance of Counsel*

{¶17} This Court has also previously held in *State v. Streets*, 3d Dist. No. 5-98-09, 1998 WL 682284, *2 (Sept. 30, 1998):

> **A plea of guilty waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary.** *State v. Barnett* **(1991), 73 Ohio App.3d 244, 249, 596 N.E. 2d 1101. If a defendant can demonstrate that he [or she] received ineffective assistance of counsel in entering his [or her] guilty plea and that but for that ineffective assistance he [or she] would have proceeded to trial, then we would be required to reverse a defendant's sentence and remand the matter to the trial court to allow the defendant to withdraw his [or her] plea.** *State v. Freeman* **(July 3, 1997), Shelby App. Nos. 17-96-18 and 17-96-19, unreported, citing** *Hill v. Lockhart* **(1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel.** *State v. Smith* **(1985), 17 Ohio St.3d 98, 477 N.E.2d 1128.**

*See also State v. Jackson*, 3d Dist. No. 1-98-78, 1999 WL 253236 (April 7, 1999); *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 12-13.

{¶18} On appeal, Ramsey contends that she received ineffective assistance of counsel because her attorney failed to explain the proceedings to her, was not accessible, and did not provide meaningful advice. Ramsey, however, does not claim that her attorney's alleged ineffective assistance affected the voluntary and knowing nature of her plea. Consequently, Ramsey's fourth assignment of error is outside our scope of review on appeal.

*Motion to Withdraw from Representation*

{¶19} In Ramsey's third assignment of error, she contends that the trial court erred in denying her attorney's motion to withdraw from representation. As previously mentioned, a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings. Consequently, by virtue of entering a plea of guilty Ramsey waived her right to appeal the trial court's denial of her attorney's motion to withdraw from representation. Accordingly, Ramsey's second assignment of error is outside our scope of review on appeal.

{¶20} In light of the foregoing, we overrule Ramsey's first, second, and fourth assignments of error.

*Assignment of Error No. III*

{¶21} In her third assignment of error, Ramsey contends that the trial court erred in ordering her to pay court-appointed attorney's fees. Specifically, Ramsey

contends that the trial court failed to make an "affirmative determination" as to whether she was financially capable of paying court-appointed attorney's fees. We agree.

{¶22} R.C. 2941.51(D) provides the following pertinent language concerning court-appointed attorney's fees: " * * * if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." This Court has previously stated, however, that:

> **[A]n indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay.**

*State v. Johnson,* 3d Dist. No. 16-03-09, 2004-Ohio-1513, ¶ 50, quoting *City of Galion v. Martin*, 3d Dist. No. 3-91-06, 1991 WL 261835, *5 (Dec. 12, 1991). Here, the trial court failed to make an affirmative finding of Ramsey's present or future ability to pay court-appointed attorney's fees in its sentencing journal entry; and therefore, the trial court erred in assessing court-appointed attorney's fees.

Consequently, we must remand this matter for resentencing in accordance with the procedures adopted by this Court in *City of Galion v. Martin* and its progeny.

{¶23} Accordingly, we sustain Ramsey's third assignment of error.

{¶24} Having found no error prejudicial to Ramsey herein, in the particulars assigned and argued in the first, second, and fourth assignments of error, but having found error prejudicial to the Ramsey, in the particulars assigned and argued in the third assignment of error, we affirm in part, and reverse in part, the judgment of the trial court, and remand for further proceedings consistent with this opinion.

**Judgment affirmed in part,**
**reversed in part,**
**and cause remanded.**

**SHAW and PRESTON, J.J., concur.**