JOURNAL ENTRY and OPINION
{¶ 1} Appellant Brian Allen appeals his convictions for possession of drugs and drug trafficking. He assigns the following two errors for our review:
"I. The trial court committed prejudicial error when it refused to continue the trial in this matter over defendant's claims that his trial attorney was not prepared or representing him competently."
"II. The defendant was denied his constitutional rights due to ineffective assistance of counsel."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Allen's convictions. The apposite facts follow.
 {¶ 3} The Cuyahoga Grand Jury indicted Allen on one count each of possession of drugs, drug trafficking, and possession of criminal tools. Allen entered a not guilty plea; and the trial court set the matter for a jury trial.
 {¶ 4} Before the trial court impaneled the jury, Allen, claiming tonsillitis, asked for a continuance. After noting the trial had been continued twice before, the trial court denied the motion for a continuance. The trial court, however, did allow Allen a two-hour lunch to receive medical treatment for his throat. The court stated a note from the emergency room was needed if it was determined he was too sick to attend trial. Instead of seeking medical treatment during the allotted time, Allen used the time to retrieve a surveillance videotape.
 {¶ 5} Allen then requested a continuance because he was not satisfied that his counsel was prepared to defend him at trial. Upon being questioned by the court on what grounds he based this allegation, Allen stated his attorney had not contacted him prior to trial, had not had the drug evidence fingerprinted, and was unaware of the surveillance tape.
 {¶ 6} The court denied the request for a continuance after noting this was Allen's second counsel. The court also noted Allen was out on bond and could have called his attorney with any of his concerns prior to trial, but failed to do so. The court also noted that Allen had tried to delay the trial based on his claim he was sick, and that this current request was another attempt to delay the trial. The matter then proceeded to trial.
 {¶ 7} On August 12, 2004 at approximately 8:30 p.m., Officers Hale and Perez responded to a radio dispatch that shots were fired in the area of East 105th and Somerset. According to the officers, the suspect was described as a tall, heavy-set, black male, wearing a gray shirt.
 {¶ 8} In order to surprise the suspect, the officers proceeded the wrong way down a one-way alley. As they did so, they observed Allen coming around the corner. Allen looked at them in surprise, stuffed a brown paper bag into his waistband, and then turned and ran in the opposite direction. According to the officers, Allen matched the description of the suspect.
 {¶ 9} The officers followed Allen into a corner store. Officer Hale observed Allen run down an aisle then return to the front of the store. Officer Hale grabbed Allen and handed him off to Officer Perez. Officer Hale contends he never left the aisle and did not observe anyone else go down the aisle besides Allen.
 {¶ 10} Officer Perez stated that a pat-down of Allen's person revealed he no longer had the brown bag on his person. Officer Hale proceeded down the aisle where he had seen Allen and found the brown bag on a shelf. Inside the bag were thirty rocks of cocaine with a total weight of 10.31 grams and 25.41 grams of marijuana. A further search of Allen's person revealed he had $295 stuffed into his sock.
 {¶ 11} From the above evidence, the jury found Allen guilty of one count each of drug possession and trafficking. The jury found Allen not guilty of possession of criminal tools. The trial court sentenced Allen to the minimum two years on each count to run concurrently.
 Failure to Grant a Continuance {¶ 12} In his first assigned error, Allen contends the trial court erred by failing to grant him a continuance to obtain new counsel. We disagree.
 {¶ 13} The Ohio Supreme Court has held that "the grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion."[1] An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.[2]
 {¶ 14} Whether the trial court abused its discretion by denying a motion to continue depends upon the reasons for the requested continuance at the time the request was made.[3]
On appeal, the reviewing court must weigh the potential prejudice against a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.[4] Relevant factors include:
"`[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or * * * dilatory, purposeful, or contrived; [and] whether the defendant contributed to the circumstance which gives rise to the request[.]'"[5]
 {¶ 15} In the instant case, the trial court based its denial of Allen's last-minute request for a continuance on the grounds that (1) there had been prior continuances, (2) the jury was ready to undergo voir dire, (3) there was no evidence counsel was unprepared, and (4) the court was convinced Allen's request was a dilatory tactic because he had claimed to be sick earlier, when in fact, he was not. The trial court stated in pertinent part:
"I do want to reiterate that many of the things that transpired this morning had to do with Mr. Allen's alleged sore throat, and the possibility that he might have tonsillitis, at which point the Court gave a two-hour recess in order for Mr. Allen to seek medical attention. Apparently medical attention was never sought, because at about quarter of two, Mr. Allen walked in this courtroom with a videotape in his hand.
"Now, I understand that the videotape is the subject of much discussion between the State of Ohio and the defense. At this point, what we've got here, Mr. Allen, with as much respect as I can conjure up at this point, is the fact for the last probably five or six hours of this day, you've been conning me. And if you think I'm going to buy the fact right now that all of a sudden you want a new attorney — and it's not even midnight hour, we have begun to voir dire a jury. I think what is very clear is that recognizing that the Court and the State of Ohio are going to go forward with this case, there is as much stalling on your part as is humanly possible."[6]
 {¶ 16} From the circumstances surrounding Allen's request for a continuance, we conclude that the trial court did not abuse its discretion in denying Allen's motion. Allen had sought to delay the trial on fraudulent grounds, approximately two hours earlier, based on his claims of being ill. At that time, he did not request a continuance because of his belief counsel was not prepared. It was not until after he returned to court with the video that he requested the trial be continued so that he could obtain new counsel. At that time, the jury was ready for voir dire, and witnesses were subpoenaed and waiting to testify.
 {¶ 17} Moreover, there was no indication there was any merit to Allen's contention that his attorney was unprepared. Allen was out on bail and, therefore, was free to call his attorney at any time prior to trial with concerns he had with his case or the attorney's preparation. Although Allen contended his attorney failed to respond to his repeated telephone calls, his attorney denied receiving any messages that Allen had called. Allen's attorney did not attend two of the pretrials; however, attorneys from his office covered for him.
 {¶ 18} Allen's attorney failed to have the bag and drugs fingerprinted and never attempted to locate the surveillance tape. However, as Allen's attorney explained, the duty is on the State to present evidence of Allen's guilt, and its failure to obtain fingerprints or the surveillance tape was an issue that Allen's counsel could raise to attack the State's case. In fact, a review of the record indicates Allen's counsel did so attack the State's case in this manner.
 {¶ 19} Additionally, Officer Perez testified the video was of poor quality because it recorded the store from four different angles at a fast rate of speed. It was, therefore, hard to determine what the video was depicting. We conclude Allen's contention that his attorney was unprepared was not supported by the record. Accordingly, Allen's first assigned error is overruled.
 Ineffective Assistance of Counsel {¶ 20} In his second assigned error, Allen contends his counsel was ineffective for not using the surveillance tape, not presenting witnesses from the store to testify, and failing to play the police dispatch tape, which indicated Allen did not match the description of the suspect.
 {¶ 21} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington.[7] Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[8] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[9] Judicial scrutiny of a lawyer's performance must be highly deferential.[10]
 {¶ 22} In a direct appeal, this court's review is limited to evidence presented at trial; we cannot consider matters outside the record before us.[11] If an ineffective assistance of counsel claim concerns facts that are outside the record, we cannot consider the claim on direct appeal because we can only consider matters contained in the record.[12] The videotape and police dispatch tape were not presented as evidence in the trial court. Therefore, we cannot consider them. In fact, Allen has not even presented this evidence on appeal. Therefore, any argument relating to the prejudice suffered by counsel's failure to present this evidence is pure speculation.
 {¶ 23} Allen also contends counsel was ineffective for failing to present testimony of witnesses from the store. However, there is no evidence that such witnesses existed and no indication what their anticipated testimony would be. This argument would require evidence outside the record in the form of affidavits.
 {¶ 24} Therefore, because the evidence that Allen contends counsel should have presented is not in the record before us, we cannot determine whether the result of Allen's trial would have been different if this evidence was presented. A petition for post-conviction relief would be a more appropriate vehicle for Allen to pursue his ineffective assistance of counsel claim.[13] Accordingly, Allen's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., Concur.
[1] State v. Unger (1981), 67 Ohio St.2d 65, 67.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] State v. Powell (1990), 49 Ohio St.3d 255, 259.
[4] Id.
[5] Id., quoting State v. Unger (1981), 67 Ohio St.2d 65,67-68.
[6] Tr. at 25-26.
[7] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[8] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[9] Id. at paragraph two of syllabus.
[10] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[11] State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; State v. Carter, 89 Ohio St.3d 593,2000-Ohio-172; State v. Madrigal, 87 Ohio St.3d 378,2000-Ohio-448; State v. Keith, 79 Ohio St.3d 514,1997-Ohio-367.
[12] State v. Cooperrider (1983), 4 Ohio St.3d 226, 228;State v. Hall, 10th Dist. No. 04AP-1242, 2005-Ohio-5162;
[13] State v. Bogan, Cuyahoga App. No. 84468,2005-Ohio-3412.