JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Brian Allen appeals pro se the trial court's denial of his petition for postconviction relief. Allen assigns six errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Allen for possession of drugs, drug trafficking, and possession of criminal tools. The matter proceeded to trial. Prior to trial, Allen feigned illness, causing the court to grant a brief recess so that he could obtain medical assistance. Allen, however, used the time to retrieve a surveillance tape. After the court reprimanded Allen and refused his late hour request for new counsel, the matter proceeded to trial.
 {¶ 4} The evidence at trial revealed that officers observed Allen, who had seen the officers approaching, run into a corner store, where he stashed a bag of drugs. The officers retrieved the drugs and arrested Allen. He was found guilty of possession of drugs and drug trafficking. The trial court sentenced Allen to two years in prison. Allen's convictions were affirmed on appeal.[2]
 {¶ 5} While his appeal was pending, Allen filed a petition for postconviction relief. In the petition, he asserted several different grounds for ineffective assistance of counsel. The trial court granted the State's motion to dismiss because Allen failed to submit evidence setting forth operative facts demonstrating substantive grounds for relief. Additionally, the trial court found Allen failed to sustain his burden to establish a genuine issue concerning the violation of his constitutional rights.
 Standard of Review {¶ 6} Regarding a petition for postconviction relief, the initial burden of proof is on the petitioner to submit evidentiary documents containing sufficient operative facts to demonstrate there was "such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."[3] The court need not hold an evidentiary hearing if it determines that there are no substantive grounds for relief.[4] Furthermore, claims that were either raised or could have been raised at trial or on direct appeal are barred from being raised again in a postconviction relief proceeding under the doctrine of res judicata.[5]
 {¶ 7} Moreover, the mere existence of evidence outside the record is not enough. The evidence must demonstrate that the defendant could not have asserted the claim at trial or on appeal.[6] Finally, the allegation and supporting evidence outside the record must materially advance appellant's claim beyond a mere possibility that would warrant only further discovery.[7]
 Ineffective Assistance of Counsel {¶ 8} We will address Allen's first five assigned errors together because they all concern Allen's contention that his trial counsel was ineffective.
 {¶ 9} To establish a claim of ineffective assistance of counsel, a petitioner is required to demonstrate that his counsel's actions fell below an objective standard of reasonableness and that such action caused prejudice to appellant's case.[8] The objective standard of reasonableness is the prevailing professional norm.[9]
Prejudice is proven by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different.[10] Because a court cannot second guess trial strategies and it has the benefit of hindsight, there is a strong presumption that appointed counsel acted in a competent manner.[11]
 {¶ 10} Allen contends his counsel was ineffective for failing to obtain the video surveillance tape from the store involved in the underlying case and for failing to obtain witnesses. Our review of the record indicates he failed to include the video tape with his petition for relief. Therefore, there was no evidence that the failure to have the video admitted as evidence was prejudicial. Moreover, Officer Perez testified at trial that the video was of poor quality because it recorded the store from four different angles at a high rate of speed. Thus, it was difficult to determine what the video was depicting. Although Allen contended he obtained an expert to slow down the video, without the video, the trial court had nothing to review to ascertain the validity of his assertion. In a postconviction relief petition, the petitioner cannot rely upon general conclusory allegations that his trial counsel rendered ineffective assistance.[12] The petitioner must demonstrate that there is evidence outside the record which supports his argument.
 {¶ 11} Likewise, Allen's contention his counsel was ineffective for failing to file a motion to suppress based on the illegal arrest depicted in the video, is without merit. Although Allen contends the tape depicts him being arrested prior to the discovery of the drugs, without the video tape, there is no evidence that an illegal arrest occurred.
 {¶ 12} Allen also contends counsel was ineffective for failing to present the testimony of witnesses from the store. However, there is no evidence that such witnesses existed and no indication what their anticipated testimony would be in the form of affidavits. Without this evidence, there is no indication that counsel committed prejudicial error by failing to introduce this testimony.
 {¶ 13} Allen also contends his counsel was ineffective for failing to return his telephone calls, and that counsel's lack of communication resulted in counsel not being prepared for trial. As we held in Allen's direct appeal, the record does not indicate that his counsel was unprepared. We further explained that "Allen was out on bail and, therefore, was free to call his attorney at any time prior to trial with concerns he had with his case or the attorney's preparation. Although Allen contended his attorney failed to respond to his repeated telephone calls, his attorney denied receiving any messages that Allen had called."[13]
Allen's petition does nothing to negate his attorney's contention that he never received a call from Allen, because Allen failed to attach a sworn affidavit to his petition.
 {¶ 14} Moreover, although Allen did request a continuance in order to obtain new counsel, his request came after he had feigned illness in order to obtain the video tape and after the jury was voir dired. Therefore, his request was denied as it was perceived as a delay tactic.
 {¶ 15} Allen also contends counsel was ineffective for failing to obtain fingerprints on the bag of drugs that were allegedly hidden on the store shelf by Allen. We previously addressed this assigned error in Allen's direct appeal; consequently, res judicata bars him from raising it again. Additionally, as we explained in his direct appeal, "the duty is on the State to present evidence of Allen's guilt, and its failure to obtain fingerprints or the surveillance tape was an issue that his counsel could raise to attack the State's case. In fact, a review of the record indicates counsel did so attack the State's case in this manner."[14]
 {¶ 16} Allen lastly contends that counsel was ineffective for not permitting him to testify in his own defense. However, because he had a prior record for drug abuse, counsel's decision to not allow him to testify constitutes a trial tactic because he could be cross-examined about his prior record were he to testify. When the action of the appointed counsel amounts to a trial tactic, it cannot later be used in a challenge that the trial counsel rendered ineffective assistance of counsel.[15] Accordingly, Allen's first five assigned errors are overruled.
 Speedy Trial versus Effective Counsel {¶ 17} In his last assigned error, Allen contends he was forced to choose between his constitutional rights of having effective counsel or waiving his right to a speedy trial. He claims he had to allow his counsel, who was unprepared, to proceed with the trial because he did not want to waive his right to a speedy trial, which would have allowed counsel more time to prepare.
 {¶ 18} Allen failed to raise this argument at trial as well as on direct appeal; therefore, res judicata bars him from raising this issue in his petition.[16] Further, as we stated above, and in our opinion in Allen's direct appeal, the record does not indicate that his counsel was unprepared or ineffective. Accordingly, Allen's sixth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Kilbane, J., concur.
 APPENDIX ASSIGNMENTS OF ERROR "I. The defendant was denied his constitutional right toeffective assistance of counsel where counsel refused to have hisevidence, i.e. a video camera and witnesses from the scene of thecrime prepared, as defense evidence, for submission to thecourt."
 "II. The defendant was denied his constitutional rights due toineffective assistance of counsel where counsel failed to: meetwith the defendant prior to trial, discuss the case and defensewith defendant, did not return any of defendant's calls and onthe morning of trial, counsel assured defendant that no trialwould occur because he was not prepared for trial."
 "III. The defendant was denied his constitutional rights dueto ineffective assistance of counsel where counsel failed tosecure evidence and file a motion to suppress the evidence on thebasis of an illegal arrest where the video evidence shows thatdefendant was arrested and placed in the police car long beforethe officer discovered any drugs."
 "IV. The defendant was denied his constitutional rights due toineffective assistance of counsel where counsel failed to motionthe trial court for an order to have the container (bag) with thedrugs fingerprinted where the defendant had told counsel that thedrugs were not his and the fingerprints would not match hisprints."
 "V. The defendant was denied his constitutional rights due to[his failure] to testify at his trial when his attorney told himthat he would not permit him to testify and refused to calldefendant to testify on his own behalf."
 "VI. The defendant was forced to choose between hisconstitutional right to effective assistance of counsel and hisright to a speedy trial."
[1] See appendix.
[2] State v. Allen, Cuyahoga App. No. 86065, 2006-Ohio-1841.
[3] R.C. 2953.21(A)(1)(a); State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus.
[4] R.C. 2953.21(C); Calhoun, supra at 283.
[5] State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus; State v. Perry (1967), 10 Ohio St.2d 175, at paragraphs seven and nine of the syllabus.
[6] State v. Cole (1982), 2 Ohio St.3d 112, 114; State v.Lawson (1995), 103 Ohio App.3d 307, 315.
[7] Cole, supra at 115; State v. Combs (1994),100 Ohio App.3d 90, 97.
[8] Strickland v. Washington, 466 U.S. 668, 687-689, 104 S.Ct. 2052, 80 L. Ed. 2d 674; State v. Lott (1990),51 Ohio St.3d 160, 174, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596.
[9] Id. at 688.
[10] Id. at 694; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus; State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108.
[11] State v. Mason (1998), 82 Ohio St.3d 144, 157-158,1998-Ohio-370, quoting Strickland, supra at 689.
[12] State v. Jackson (1980), 64 Ohio St.2d 107.
[13] State v. Allen, supra at ¶ 17.
[14] Id. at ¶ 18.
[15] State v. Longo (1982), 4 Ohio App.3d 136, 139.
[16] State v. Perry, supra at paragraph nine of the syllabus.