JOURNAL ENTRY and OPINION
{¶ 1} The grand jury returned an indictment against defendant David Smith, charging him with counts of aggravated robbery, felonious assault, kidnapping, obstructing official business, possession of criminal tools and having a weapon while under disability. Smith filed a motion to suppress a "cold stand" identification, arguing that the eyewitness who identified him at the cold stand failed to do so during a preliminary hearing conducted in the matter. The court denied the motion to suppress. As part of a subsequent plea bargain, Smith pleaded guilty to one count of robbery. In this appeal, he maintains that the court erred by refusing to grant the motion to suppress and that counsel acted ineffectively by advising him to plead guilty.
 {¶ 2} We summarily reject any argument on the substance of the suppression ruling as the guilty plea waives the right to argue on appeal any issues except the voluntariness of the plea. See State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 15.
 {¶ 3} Recognizing this point of law, Smith argues that counsel performed ineffectively by advising him to take the plea bargain rather than rely on the strength of the motion to suppress the cold stand identification as an issue for appeal.
 {¶ 4} To prevail on a claim of ineffective assistance of counsel, the offender must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the offender of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 104 S.Ct. 2052. We can only reverse on grounds of ineffective assistance of counsel when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph three of the syllabus, citingStrickland, 466 U.S. at 694.
 {¶ 5} Regardless of Smith's beliefs as to the merits of the motion to suppress, it is a fact that the court denied the motion. Faced with that prospect, counsel negotiated a very favorable plea agreement with the state, including an agreed two-year sentence. Given that Smith had originally been charged with seven counts, along with firearm and repeat violent offender specifications, the sentence he received could well be viewed as favorable under the circumstances. Smith's argument now suggests that counsel should have proceeded to trial, risking a conviction on all of the charged counts, only to rely on a motion to suppress an eyewitness identification that had been previously denied by the trial court. While we do not reach the merits of the motion to suppress given Smith's waiver, we can confidently say that only the boldest of counsel would have wanted to take chances on a favorable ruling on appeal. Indeed, we can imagine that had counsel played out the scenario suggested by Smith, we would be addressing an ineffective assistance of counsel argument on appeal due to counsel's failure to recommend a plea bargain. These kinds of arguments are precisely why the appellate courts give trial counsel great leeway in making decisions relating to trial strategy. As the United States Supreme Court stated inStrickland, 466 U.S. at 689, "it is all too tempting for a defendant to second-guess counsel's assistance after a conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Smith has failed to show that trial counsel violated an essential duty by negotiating the plea bargain.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J, and Rocco, J., Concur.