JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Robert Atkinson appeals the trial court's denial of his motion to withdraw his guilty plea and the denial of his motion to suppress. He assigns the following two errors for our review:
 "I. The trial court abused its discretion when it denied appellant his pre-sentence motion to withdraw his guilty plea."
 "II. The trial court erred when it denied appellant's motion to suppress."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decisions. The apposite facts follow.
 {¶ 3} Atkinson was indicted on one count each for carrying a concealed weapon, drug trafficking, having a weapon while under disability, drug possession, and possession of criminal tools. Atkinson entered a plea of not guilty.
 {¶ 4} Atkinson's attorney filed a motion to suppress. At the suppression hearing, it was revealed that on January 21, 2006, at approximately 9:30 p.m., Cleveland Police Officer James Simone pulled over a vehicle driven by Atkinson for failure to stop at a red light. While conversing with Atkinson, the officer noticed the smell of marijuana emanating from the vehicle. He asked Atkinson and his passenger, Antonio Taylor, to step out of the car. He patted down both men prior to detaining them in the back of the squad car. He then searched the vehicle.
 {¶ 5} The officer found five bags of marijuana in the vehicle's console and another bag in a knit cap. There were also found two joint clips in the ashtray. A loaded handgun was retrieved from nearby bushes after a witness informed the *Page 4 
officer he saw Taylor throw a handgun from the car into the bushes. The officer videotaped the entire stop with a camera on his dashboard. While the officer was searching the vehicle, Atkinson and his co-defendant can be heard on the tape discussing the drugs.
 {¶ 6} The trial court denied the motion to suppress. Atkinson subsequently pled guilty to one count of drug trafficking and possession of criminal tools. The remaining counts were dismissed. As part of the plea agreement, Atkinson was required to forfeit $3,267.50, a cell phone, and his vehicle.
 {¶ 7} Prior to sentencing, Atkinson filed a motion to withdraw his guilty plea. Atkinson maintained he was innocent and that he felt pressured to take the "package plea" offered to him and his co-defendant Taylor, in order to minimize the sentence for Taylor.
 {¶ 8} After conducting a hearing on the motion, the trial court denied Atkinson's motion to withdraw his plea. The trial court sentenced Atkinson to nine months of community control.
 Presentence Withdrawal of Guilty Plea {¶ 9} In his first assigned error, Atkinson argues the trial court erred by denying his presentence motion to withdraw his guilty plea. We disagree.
 {¶ 10} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not *Page 5 
have an absolute right to withdraw a plea prior to sentencing."[1] We review presentence motions to withdraw guilty pleas for an abuse of discretion.[2]
 {¶ 11} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing, pursuant to Crim. R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused is given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request.[3]
 {¶ 12} In this matter, the trial court held a full hearing pursuant to Crim. R. 11 before accepting the guilty plea and notified Atkinson of his constitutional and other rights. At this hearing, the court ascertained that defendant fully understood the nature of the charges and possible penalties. The court then determined that the plea was knowingly, intelligently, and voluntarily made. Defendant was also represented by attorney Myron Watson, who has extensive experience in criminal law. Although Atkinson contends that Watson failed to file a motion to withdraw the plea, the record shows that Watson filed a motion on April 13, 2007, over a month *Page 6 
prior to the sentencing hearing. Therefore, there is no basis for Atkinson's argument that Watson was ineffective for failing to file a motion.
 {¶ 13} The trial court also afforded Atkinson a full hearing on his motion to withdraw his plea. The court considered Atkinson's assertion that he was innocent and felt pressured to take the plea because it was a "package deal" with his co-defendant Antonio Taylor. The court reiterated on the record that the stop was videotaped, and the tape also recorded the admissions of both Atkinson and his co-defendant as they sat in the back seat of the squad car. The court also stated that the court and the parties spent over three hours on the case including the suppression hearing and working out a plea deal.
 {¶ 14} A thorough review of the record indicates the trial court did not abuse its discretion in denying appellant's motion to vacate his guilty plea. Accordingly, Atkinson's first assigned error is without merit.
 Suppression Hearing {¶ 15} In his second assigned error, Atkinson argues the trial court erred by denying his motion to suppress. We disagree.
 {¶ 16} A plea of guilty is a complete admission of guilt.[4]
Therefore, a defendant who enters a guilty plea waives the right to appeal all nonjurisdictional *Page 7 
issues arising at prior stages of the proceedings.[5] By entering a guilty plea, a defendant waives the right to raise on appeal the correctness of a trial court's suppression ruling.[6] Therefore, because we have concluded the trial court did not err in denying Atkinson's motion to withdraw his guilty plea, his second assigned error is overruled as moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[2] Id.
[3] State v. Peterseim (1980), 68 Ohio App.2d 211.
[4] Crim. R. 11(B)(1).
[5] State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, at]}15.
[6] State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus; State v. Smith, Cuyahoga App. No. 83710, 2004-Ohio-4911;State v. Elliott (1993), 86 Ohio App.3d 792, 795; Huber Hts. v.Duty (1985), 27 Ohio App.3d 244, 244. McQueeney, supra. *Page 1