JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Antonio Taylor appeals the trial court's denial of his motion to withdraw his guilty plea and the denial of his motion to suppress. He assigns the following two errors for our review:
"I. The trial court abused its discretion when it denied appellant his pre-sentence motion to withdraw his guilty plea."
"II. The trial court erred when it denied appellant's motion to suppress."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decisions. The apposite facts follow.
 {¶ 3} Taylor was indicted on one count each for carrying a concealed weapon, drug trafficking, having a weapon while under disability, drug possession, and possession of criminal tools. Taylor entered a plea of not guilty.
 {¶ 4} Taylor's attorney filed a motion to suppress. At the suppression hearing, it was revealed that on January 21, 2006, at approximately 9:30 p.m., Cleveland Police Officer James Simone pulled over a vehicle driven by Taylor's co-defendant, Robert Atkinson, for failure to stop at a red light. While conversing with Atkinson, the officer noticed a smell of marijuana emanating from the vehicle. He asked Atkinson and his passenger, Taylor, to step out of the car. He patted down both men prior to detaining them in the back of the squad car. He then searched the vehicle. *Page 3 
 {¶ 5} The officer found five bags of marijuana in the vehicle's console and another bag in a knit cap. There were also found two joint clips in the ashtray. A loaded handgun was retrieved from nearby bushes after a witness informed the officer he saw Taylor throw a handgun from the car into the bushes. The officer videotaped the entire stop with a camera on his dashboard. Taylor and his co-defendant can be heard on the tape discussing the drugs while the officer was searching the vehicle.
 {¶ 6} The trial court denied the motion to suppress. Taylor subsequently pled guilty to one count of drug trafficking and carrying a concealed weapon. The remaining counts were dismissed. Taylor also agreed to forfeit $1,600, a cell phone, and the handgun.
 {¶ 7} Prior to sentencing, Taylor filed a motion to withdraw his guilty plea, claiming he was innocent. Thereafter, Taylor retained another attorney who filed an additional motion to withdraw the plea. In the second motion, Taylor argued he felt pressured to take the "package plea" offered to him and Robert Atkinson, in order to minimize the sentence for Atkinson.
 {¶ 8} After conducting a hearing on the motion, the trial court denied Taylor's motion to withdraw his plea. The trial court sentenced Taylor to nine months of community control.
 Presentence Withdrawal of Guilty Plea *Page 4 {¶ 9} In his first assigned error, Taylor argues the trial court erred by denying his presentence motion to withdraw his guilty plea. We disagree.
 {¶ 10} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing."[1] We review presentence motions to withdraw guilty pleas for an abuse of discretion.[2]
 {¶ 11} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim. R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request.[3]
 {¶ 12} In this matter, the trial court held a full hearing pursuant to Crim. R. 11 before accepting the guilty plea and notified Taylor of his constitutional and other rights. At the hearing, the court ascertained that defendant fully understood the nature of the charges and possible penalties. The court then determined that the *Page 5 
plea was knowingly, intelligently, and voluntarily made. Defendant was also represented by attorney James Willis, who has extensive experience in criminal law. Although Taylor contends that Willis failed to file a motion to withdraw the plea, the record shows that Willis filed such a motion on April 16, 2007, two days prior to Taylor's second attorney having filed an additional motion to withdraw. Therefore, there is no indication that Willis was ineffective in representing Taylor.
 {¶ 13} The trial court also afforded Taylor a full hearing on his motion to withdraw his plea. The court considered Taylor's assertions that he was innocent and felt pressured to take the plea because it was a "package deal" with his co-defendant. The court reiterated on the record that the stop was videotaped, and the tape also recorded the admissions of both Taylor and his co-defendant as they sat in the back seat of the squad car. The court also stated that the court and the parties spent over three hours on the case including the suppression hearing and working out a plea deal. The court also noted that Taylor's counsel at the time, attorney Willis, was interested in proceeding with a trial, and did not force Taylor to plead.
 {¶ 14} Taylor also claims that he was not aware that he could be prosecuted under federal law for admitting to the weapons charge. However, this issue was not raised in the court below as basis for the withdrawal of his plea. In fact, it was not raised until after the court denied the motion and was sentencing Taylor. *Page 6 
 {¶ 15} A thorough review of the record indicates the trial court did not abuse its discretion in denying appellant's motion to vacate his guilty plea. Accordingly, Taylor's first assigned error is without merit.
 Suppression Hearing {¶ 16} In his second assigned error, Taylor argues the trial court erred by denying his motion to suppress. We disagree.
 {¶ 17} A plea of guilty is a complete admission of guilt.[4]
Therefore, a defendant who enters a guilty plea waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings.[5] By entering a guilty plea, a defendant waives the right to raise on appeal the correctness of a trial court's suppression ruling.[6] Therefore, because we have concluded the trial court did not err in denying Taylor's motion to withdraw his guilty plea, his second assigned error is overruled as moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMonagle, J., CONCUR
[1] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[2] Id.
[3] State v. Peterseim (1980), 68 Ohio App.2d 211.
[4] Crim. R. 11(B)(1).
[5] State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, at]}15.
[6] State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus; State v. Smith, Cuyahoga App. No. 83710, 2004-Ohio-4911;State v. Elliott (1993), 86 Ohio App.3d 792, 795; Huber Hts. v.Duty (1985), 27 Ohio App.3d 244, 244. McQueeney, supra. *Page 1